## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| WALKER DIGITAL, LLC, <br><br>                Plaintiff, <br><br>      v. <br><br>FACEBOOK, INC., FANDANGO, INC., EXPEDIA, INC., FROM YOU FLOWERS, LLC, ELITE TOY STORE, INC., FAST FURNISHINGS, INC., AMAZON.COM, INC., EBAY, INC., AMERICAN AIRLINES, INC. and ZAPPOS.COM, INC., <br><br>                Defendants. | Civil Action No. _____ <br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Walker Digital, LLC ("Walker Digital") files this complaint for patent infringement against Defendants Facebook, Inc. ("Facebook"), Fandango, Inc. ("Fandango"), Expedia, Inc. ("Expedia"), From You Flowers, LLC ("From You Flowers"), Elite Toy Store, Inc. ("Elite Toy"), Fast Furnishings, Inc. ("Fast Furnishings"), Amazon.com, Inc. ("Amazon"), eBay, Inc. ("eBay"), American Airlines, Inc. ("American Airlines"), and Zappos.com, Inc. ("Zappos") (collectively, the "Defendants") for infringement of U.S. Patent No. 7,831,470 ("the '470 patent") and/or U.S. Patent No. 7,827,056 ("the '056 patent") (collectively, "the Asserted Patents").

## THE PARTIES

1. Walker Digital is a Delaware limited liability company with its principal place of business located at 2 High Ridge Park, Stamford, Connecticut 06905. Walker Digital is a

research and development laboratory that has been the genesis for many successful businesses, including Priceline.com and Synapse, Inc.

2.      On information and belief, Defendant Facebook is a Delaware corporation with its principal place of business located at 1601 South California Avenue, Palo Alto, California 94304.

3.      On information and belief, Defendant Fandango is a Delaware corporation with its principal place of business located at 12200 West Olympic Boulevard, Suite 150, Los Angeles, California 90064.

4.      On information and belief, Defendant Expedia is a Delaware corporation with its principal place of business located at 333 108th Avenue NE, Bellevue, WA 98005.

5.      On information and belief, Defendant From You Flowers is a Delaware limited liability company with its principal place of business located at 455 Boston Post Road, Suite 6, Old Saybrook, Connecticut 06475.

6.      On information and belief, Defendant Elite Toy is a New York corporation with its principal place of business located at 203 Sampson Avenue, Islandia, New York 11749.

7.      On information and belief, Defendant Fast Furnishings is a sole proprietorship with its principal place of business located at 6043 De La Rosa Land, Oceanside, California 92057.

8.      On information and belief, Amazon is a Delaware corporation with its principal place of business located at 410 Terry Avenue North, Seattle, Washington 98109-5210.

9.      On information and belief, eBay is a Delaware corporation with its principal place of business located at 2145 Hamilton Avenue, San Jose, California 95125.

10.    On information and belief, American Airlines is a Delaware corporation with its principal place of business located at 4333 Amon Carter Boulevard, Fort Worth, Texas 76155-2605.

11.    On information and belief, Zappos is a Delaware corporation with its principal place of business located at 2280 Corporate Circle, Henderson, Nevada 89074.

## JURISDICTION AND VENUE

12.    This is an action for patent infringement under Title 35 of the United States Code. Walker Digital is seeking injunctive relief as well as damages.

13.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this is a civil action for patent infringement arising under the United States' patent statutes, 35 U.S.C. § 101 *et seq*.

14.    Venue is proper under 28 U.S.C. §§ 1391(c) and 1400(b) because Defendants have committed acts of infringement in this district and/or are deemed to reside in this district.

15.    This Court has personal jurisdiction over Defendants and venue is proper in this district because Defendants have committed, and continue to commit, acts of infringement in the State of Delaware, including in this district and/or have engaged in continuous and systematic activities in the State of Delaware, including in this district.

## THE ASSERTED PATENTS

16.    On December 23, 1998, the application for the '470 patent was filed with the United States Patent and Trademark Office ("USPTO"). The '470 patent is entitled "Method and Apparatus for Facilitating Electronic Commerce Through Providing Cross-Benefits During a Transaction." On November 9, 2010, the USPTO duly and legally issued the '470 patent to Jay S. Walker, Daniel E. Tedesco, John M. Packes, Jr., and James A. Jorasch, who assigned their

3

rights and interests in the '470 patent to Walker Digital. A copy of the '470 patent is attached as Exhibit 1.

17.     On June 12, 2006, the application for the '056 patent was filed with the USPTO. The '056 patent is entitled "Method and Apparatus for Facilitating Electronic Commerce Through Providing Cross-Benefits During a Transaction."  On November 2, 2010, the USPTO duly and legally issued the '056 patent to Jay S. Walker, Daniel E. Tedesco, John M. Packes, Jr., and James A. Jorasch, who assigned their rights and interests in the '056 patent to Walker Digital. A copy of the '056 patent is attached as Exhibit 2.

18.     Walker Digital is therefore the owner of the '470 and '056 patents.

## FACTUAL BACKGROUND

19.     Walker Digital is a research and development laboratory that has invested many millions of dollars in its intellectual property.  Walker Digital is comprised of a diverse group of inventors who solve business problems by studying human behavior and designing innovative solutions utilizing modern information technologies.   Walker Digital's invention team has created a portfolio of more than 200 U.S. and international patents in a wide range of industries that includes retail, vending, credit cards, security, gaming, educational testing, and entertainment.  Jay Walker, the chairman of Walker Digital, is best known as the founder of Priceline.com, which brought unprecedented technology and a new level of value to the travel industry.   The business processes that guide Priceline.com's success were created in the invention lab of Walker Digital.  As an inventor, Mr. Walker is named on more than 450 issued and pending U.S. and international patents.

20.     Walker Digital has invested large sums of money to develop the inventions of Mr. Walker and its team of innovators.  This investment was used for many things, including the

development of laboratory facilities to assist with the development and testing of new inventions which, in turn, generated additional new inventions.  Many of these new inventions have been the genesis for successful businesses, including Priceline.com and Synapse, Inc.  Revolutionary technologies, including the methods and apparatus for facilitating electronic commerce through providing cross-benefits during a transaction described and claimed in the Asserted Patents, were a direct result of that investment.

21.     The Asserted Patents represent breakthroughs in electronic commerce.

## COUNT I

## (INFRINGEMENT OF U.S. PATENT NO. 7,831,470)

22.     Walker Digital incorporates paragraphs 1 through 21 herein by reference.

23.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

24.     Walker Digital is the owner of the '470 patent, entitled "Method and Apparatus for Facilitating Electronic Commerce Through Providing Cross-Benefits During a Transaction," with ownership of all substantial rights in the '470 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement.

25.     The '470 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

## INFRINGEMENT OF THE '470 PATENT BY FACEBOOK

## DIRECT INFRINGEMENT BY FACEBOOK

26.     On information and belief, Facebook has and continues to directly infringe one or more claims of the '470 patent in this judicial district and/or elsewhere in the United States, including at least claims 16 and 21, by, among other things, making, using, offering for sale,

selling and/or importing apparatuses and/or practicing methods that provide cross-benefits during a transaction including, without limitation, that provide the ability for users / customers of Facebook to earn Facebook credits for free by shopping via the "Earn for free by shopping" button.

27.     Facebook is thereby liable for direct infringement of the '470 patent pursuant to 35 U.S.C. § 271.

## INDIRECT INFRINGEMENT BY FACEBOOK

28.     On information and belief, Facebook has and continues to indirectly infringe one or more claims of the '470 patent in this judicial district and/or elsewhere in the United states, including at least claims 16 and 21, by, among other things, actively inducing users and/or customers to use apparatuses that provide cross-benefits during a transaction, including without limitation, that provide the ability for users / customers of Facebook to earn Facebook credits for free by shopping via the "Earn for free by shopping" button.

29.     Facebook has been aware of the '470 patent since at least service of this action.

30.     On information and belief, Facebook has and continues to indirectly infringe one or more claims of the '470 patent by inducing others (e.g., end users of Facebook) to infringe and/or contributing to the infringement of others in violation of 35 U.S.C. §§ 271 (b) and (c).

31.     On information and belief, Facebook has had knowledge of the '470 patent since at least the inception of this action and, despite such knowledge, Facebook has specifically intended that its users and/or customers use the accused apparatuses in such a way that infringes the '470 patent by, at minimum, providing instructions to its users and/customers on how to use the accused apparatuses in such a way that infringes the '470 patent and knew or should have known that its actions, including providing such instructions, were inducing infringement.

32.     On information and belief, Facebook has been aware, since at least the service of this action, that its products accused of infringement including, but not limited to, its apparatuses that provide cross-benefits during a transaction, including without limitation, that provide the ability for users / customers of Facebook to earn Facebook credits for free by shopping via the "Earn for free by shopping" button, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the '470 patent.

33.     Facebook committed these acts of infringement without license or authorization.

34.     Despite having actual notice of the '470 patent since at least the inception of this action, Facebook continues to willfully, wantonly and deliberately infringe the '470 patent in disregard of Walker Digital's rights.

35.     Walker Digital has been damaged as a result of Facebook's infringing conduct described in this Count.  Facebook is therefore liable to Walker Digital in an amount that adequately compensates Walker Digital for Facebook's infringing conduct, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 25 U.S.C. § 284.  Walker Digital will continue to suffer damages in the future unless Facebook's infringing activates are enjoined by this Court.

36.     Walker Digital has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Facebook, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '470 patent.

## INFRINGEMENT OF THE '470 PATENT BY FANDANGO

## DIRECT INFRINGEMENT BY FANDANGO

37.     On information and belief, Fandango has and continues to directly infringe one or more claims of the '470 patent in this judicial district and/or elsewhere in the United States, including at least claims 16 and 21, by, among other things, making, using, offering for sale, selling and/or importing apparatuses and/or practicing methods that provide cross-benefits during a transaction including, without limitation, that provide Fandango's users / customers the ability to get discounted or free tickets via the "Get Tickets FREE! See How" button.

38.     Fandango is thereby liable for direct infringement of the '470 patent pursuant to 35 U.S.C. § 271.

## INDIRECT INFRINGEMENT BY FANDANGO

39.     On information and belief, Fandango has and continues to indirectly infringe one or more claims of the '470 patent in this judicial district and/or elsewhere in the United states, including at least claims 16 and 21, by, among other things, actively inducing users and/or customers to use apparatuses that provide cross-benefits during a transaction, including without limitation, that provide Fandango's users / customers the ability to get discounted or free tickets via the "Get Tickets FREE! See How" button.

40.     Fandango has been aware of the '470 patent since at least service of this action.

41.     On information and belief, Fandango has and continues to indirectly infringe one or more claims of the '470 patent by inducing others (e.g., end users of Fandango) to infringe and/or contributing to the infringement of others in violation of 35 U.S.C. §§ 271 (b) and (c).

42.     On information and belief, Fandango has had knowledge of the '470 patent since at least the inception of this action and, despite such knowledge, Fandango has specifically

intended that its users and/or customers use the accused apparatuses in such a way that infringes the '470 patent by, at minimum, providing instructions to its users and/customers on how to use the accused apparatuses in such a way that infringes the '470 patent and knew or should have known that its actions, including providing such instructions, were inducing infringement.

43.     On information and belief, Fandango has been aware, since at least the service of this action, that its products accused of infringement including, but not limited to, its apparatuses that provide cross-benefits during a transaction, including without limitation, that provide Fandango's users / customers the ability to get discounted or free tickets via the "Get Tickets FREE! See How" button, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the '470 patent.

44.     Fandango committed these acts of infringement without license or authorization.

45.     Despite having actual notice of the '470 patent since at least the inception of this action, Fandango continues to willfully, wantonly and deliberately infringe the '470 patent in disregard of Walker Digital's rights.

46.     Walker Digital has been damaged as a result of Fandango's infringing conduct described in this Count.  Fandango is therefore liable to Walker Digital in an amount that adequately compensates Walker Digital for Fandango's infringing conduct, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 25 U.S.C. § 284.  Walker Digital will continue to suffer damages in the future unless Fandango's infringing activates are enjoined by this Court.

47.     Walker Digital has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Fandango, its agents, servants,

employees, representatives, and all others acting in active concert therewith from infringing the '470 patent.

## INFRINGEMENT OF THE '470 PATENT BY AMAZON

## DIRECT INFRINGEMENT BY AMAZON

48.     On information and belief, Amazon has and continues to directly infringe one or more claims of the '470 patent in this judicial district and/or elsewhere in the United States, including at least claims 16 and 21, by, among other things, making, using, offering for sale, selling and/or importing apparatuses and/or practicing methods that provide cross-benefits during a transaction including, without limitation, that provide Amazon's users / customers the ability to get a subsidy in connection with a purchase via a cross-promotion.

49.     Amazon is thereby liable for direct infringement of the '470 patent pursuant to 35 U.S.C. § 271.

## INDIRECT INFRINGEMENT BY AMAZON

50.     On information and belief, Amazon has and continues to indirectly infringe one or more claims of the '470 patent in this judicial district and/or elsewhere in the United states, including at least claims 16 and 21, by, among other things, actively inducing users and/or customers to use apparatuses that provide cross-benefits during a transaction, including without limitation, that provide Amazon's users / customers the ability to get a subsidy in connection with a purchase via a cross-promotion.

51.     Amazon has been aware of the '470 patent since at least service of this action.

52.     On information and belief, Amazon has and continues to indirectly infringe one or more claims of the '470 patent by inducing others (e.g., end users of Amazon) to infringe and/or contributing to the infringement of others in violation of 35 U.S.C. §§ 271 (b) and (c).

53.     On information and belief, Amazon has had knowledge of the '470 patent since at least the inception of this action and, despite such knowledge, Amazon has specifically intended that its users and/or customers use the accused apparatuses in such a way that infringes the '470 patent by, at minimum, providing instructions to its users and/customers on how to use the accused apparatuses in such a way that infringes the '470 patent and knew or should have known that its actions, including providing such instructions, were inducing infringement.

54.     On information and belief, Amazon has been aware, since at least the service of this action, that its products accused of infringement including, but not limited to, its apparatuses that provide cross-benefits during a transaction, including without limitation, that provide Amazon's users / customers the ability to get a subsidy in connection with a purchase via a cross-promotion, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the '470 patent.

55.     Amazon committed these acts of infringement without license or authorization.

56.     Despite having actual notice of the '470 patent since at least the inception of this action, Amazon continues to willfully, wantonly and deliberately infringe the '470 patent in disregard of Walker Digital's rights.

57.     Walker Digital has been damaged as a result of Amazon's infringing conduct described in this Count.  Amazon is therefore liable to Walker Digital in an amount that adequately compensates Walker Digital for Amazon's infringing conduct, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 25 U.S.C. § 284.  Walker Digital will continue to suffer damages in the future unless Amazon's infringing activates are enjoined by this Court.

58.     Walker Digital has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Amazon, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '470 patent.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 7,827,056)

59.     Walker Digital incorporates paragraphs 1 through 58 herein by reference.

60.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

61.     Walker Digital is the owner of the '056 patent, entitled "Method and Apparatus for Facilitating Electronic Commerce Through Providing Cross-Benefits During a Transaction," with ownership of all substantial rights in the '056 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement.

62.     The '056 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

### INFRINGEMENT OF THE '056 PATENT BY FACEBOOK

### DIRECT INFRINGEMENT BY FACEBOOK

63.     On information and belief, Facebook has and continues to directly infringe one or more claims of the '056 patent in this judicial district and/or elsewhere in the United States, including at least claims 1 and 47, by, among other things, making, using, offering for sale, selling and/or importing apparatuses and/or practicing methods that provide cross-benefits during a transaction including, without limitation, that provide the ability for users / customers of

Facebook to earn Facebook credits for free by shopping via the "Earn for free by shopping" button.

64.     Facebook is thereby liable for direct infringement of the '056 patent pursuant to 35 U.S.C. § 271.

## INDIRECT INFRINGEMENT BY FACEBOOK

65.     On information and belief, Facebook has and continues to indirectly infringe one or more claims of the '056 patent in this judicial district and/or elsewhere in the United states, including at least claims 1 and 47, by, among other things, actively inducing users and/or customers to use apparatuses that provide cross-benefits during a transaction, including without limitation, that provide the ability for users / customers of Facebook to earn Facebook credits for free by shopping via the "Earn for free by shopping" button.

66.     Facebook has been aware of the '056 patent since at least service of this action.

67.     On information and belief, Facebook has and continues to indirectly infringe one or more claims of the '056 patent by inducing others (e.g., end users of Facebook) to infringe and/or contributing to the infringement of others in violation of 35 U.S.C. §§ 271 (b) and (c).

68.     On information and belief, Facebook has had knowledge of the '056 patent since at least the inception of this action and, despite such knowledge, Facebook has specifically intended that its users and/or customers use the accused apparatuses in such a way that infringes the '056 patent by, at minimum, providing instructions to its users and/customers on how to use the accused apparatuses in such a way that infringes the '056 patent and knew or should have known that its actions, including providing such instructions, were inducing infringement.

69.     On information and belief, Facebook has been aware, since at least the service of this action, that its products accused of infringement including, but not limited to, its apparatuses

that provide cross-benefits during a transaction, including without limitation, that provide the ability for users / customers of Facebook to earn Facebook credits for free by shopping via the "Earn for free by shopping" button, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the '056 patent.

70.     Facebook committed these acts of infringement without license or authorization.

71.     Despite having actual notice of the '056 patent since at least the inception of this action, Facebook continues to willfully, wantonly and deliberately infringe the '056 patent in disregard of Walker Digital's rights.

72.     Walker Digital has been damaged as a result of Facebook's infringing conduct described in this Count.  Facebook is therefore liable to Walker Digital in an amount that adequately compensates Walker Digital for Facebook's infringing conduct, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 25 U.S.C. § 284.  Walker Digital will continue to suffer damages in the future unless Facebook's infringing activates are enjoined by this Court.

73.     Walker Digital has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Facebook, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '056 patent.

## INFRINGEMENT OF THE '056 PATENT BY EXPEDIA

## DIRECT INFRINGEMENT BY EXPEDIA

74.     On information and belief, Expedia has and continues to directly infringe one or more claims of the '056 patent in this judicial district and/or elsewhere in the United States,

including at least claims 1 and 47, by, among other things, making, using, offering for sale, selling and/or importing apparatuses and/or practicing methods that provide cross-benefits during a transaction including, without limitation, that provide Expedia's customers / users with the ability to get discounted travel by applying for cross-promotions, such as a credit card.

75. Expedia is thereby liable for direct infringement of the '056 patent pursuant to 35 U.S.C. § 271.

## INDIRECT INFRINGEMENT BY EXPEDIA

76. On information and belief, Expedia has and continues to indirectly infringe one or more claims of the '056 patent in this judicial district and/or elsewhere in the United states, including at least claims 1 and 47, by, among other things, actively inducing users and/or customers to use apparatuses that provide cross-benefits during a transaction, including without limitation, that provide Expedia's customers / users with the ability to get discounted travel by applying for cross-promotions, such as a credit card.

77. Expedia has been aware of the '056 patent since at least service of this action.

78. On information and belief, Expedia has and continues to indirectly infringe one or more claims of the '056 patent by inducing others (e.g., end users of Expedia) to infringe and/or contributing to the infringement of others in violation of 35 U.S.C. §§ 271 (b) and (c).

79. On information and belief, Expedia has had knowledge of the '056 patent since at least the inception of this action and, despite such knowledge, Expedia has specifically intended that its users and/or customers use the accused apparatuses in such a way that infringes the '056 patent by, at minimum, providing instructions to its users and/customers on how to use the accused apparatuses in such a way that infringes the '056 patent and knew or should have known that its actions, including providing such instructions, were inducing infringement.

15

80.   On information and belief, Expedia has been aware, since at least the service of this action, that its products accused of infringement including, but not limited to, its apparatuses that provide cross-benefits during a transaction, including without limitation, that provide Expedia's customers / users with the ability to get discounted travel by applying for cross-promotions, such as a credit card, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the '056 patent.

81.   Expedia committed these acts of infringement without license or authorization.

82.   Despite having actual notice of the '056 patent since at least the inception of this action, Expedia continues to willfully, wantonly and deliberately infringe the '056 patent in disregard of Walker Digital's rights.

83.   Walker Digital has been damaged as a result of Expedia's infringing conduct described in this Count.  Expedia is therefore liable to Walker Digital in an amount that adequately compensates Walker Digital for Expedia's infringing conduct, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 25 U.S.C. § 284.  Walker Digital will continue to suffer damages in the future unless Expedia's infringing activates are enjoined by this Court.

84.   Walker Digital has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Expedia, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '056 patent.

## INFRINGEMENT OF THE '056 PATENT BY FROM YOU FLOWERS

## DIRECT INFRINGEMENT BY FROM YOU FLOWERS

85.     On information and belief, From You Flowers has and continues to directly infringe one or more claims of the '056 patent in this judicial district and/or elsewhere in the United States, including at least claims 1 and 47, by, among other things, making, using, offering for sale, selling and/or importing apparatuses and/or practicing methods that provide cross-benefits during a transaction including, without limitation, that provide From You Flowers' users / customers with the ability to receive a benefit by applying for and/or using Google checkout.

86.     From You Flowers is thereby liable for direct infringement of the '056 patent pursuant to 35 U.S.C. § 271.

## INDIRECT INFRINGEMENT BY FROM YOU FLOWERS

87.     On information and belief, From You Flowers has and continues to indirectly infringe one or more claims of the '056 patent in this judicial district and/or elsewhere in the United states, including at least claims 1 and 47, by, among other things, actively inducing users and/or customers to use apparatuses that provide cross-benefits during a transaction, including without limitation, that provide From You Flowers' users / customers with the ability to receive a benefit by applying for and/or using Google checkout.

88.     From You Flowers has been aware of the '056 patent since at least service of this action.

89.     On information and belief, From You Flowers has and continues to indirectly infringe one or more claims of the '056 patent by inducing others (e.g., end users of From You Flowers) to infringe and/or contributing to the infringement of others in violation of 35 U.S.C. §§ 271 (b) and (c).

17

90.    On information and belief, From You Flowers has had knowledge of the '056 patent since at least the inception of this action and, despite such knowledge, From You Flowers has specifically intended that its users and/or customers use the accused apparatuses in such a way that infringes the '056 patent by, at minimum, providing instructions to its users and/customers on how to use the accused apparatuses in such a way that infringes the '056 patent and knew or should have known that its actions, including providing such instructions, were inducing infringement.

91.    On information and belief, From You Flowers has been aware, since at least the service of this action, that its products accused of infringement including, but not limited to, its apparatuses that provide cross-benefits during a transaction, including without limitation, that provide From You Flowers' users / customers with the ability to receive a benefit by applying for and/or using Google checkout, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the '056 patent.

92.    From You Flowers committed these acts of infringement without license or authorization.

93.    Despite having actual notice of the '056 patent since at least the inception of this action, From You Flowers continues to willfully, wantonly and deliberately infringe the '056 patent in disregard of Walker Digital's rights.

94.    Walker Digital has been damaged as a result of From You Flowers's infringing conduct described in this Count. From You Flowers is therefore liable to Walker Digital in an amount that adequately compensates Walker Digital for From You Flowers's infringing conduct, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed

by this Court under 25 U.S.C. § 284.  Walker Digital will continue to suffer damages in the future unless From You Flowers's infringing activates are enjoined by this Court.

95.     Walker Digital has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting From You Flowers, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '056 patent.

**INFRINGEMENT OF THE '056 PATENT BY ELITE TOY**

**DIRECT INFRINGEMENT BY ELITE TOY**

96.     On information and belief, Elite Toy has and continues to directly infringe one or more claims of the '056 patent in this judicial district and/or elsewhere in the United States, including at least claims 1 and 47, by, among other things, making, using, offering for sale, selling and/or importing apparatuses and/or practicing methods that provide cross-benefits during a transaction including, without limitation, that provide Elite Toys' users / customers with the ability to receive a benefit by applying for and/or using Google checkout.

97.     Elite Toy is thereby liable for direct infringement of the '056 patent pursuant to 35 U.S.C. § 271.

**INDIRECT INFRINGEMENT BY ELITE TOY**

98.     On information and belief, Elite Toy has and continues to indirectly infringe one or more claims of the '056 patent in this judicial district and/or elsewhere in the United states, including at least claims 1 and 47, by, among other things, actively inducing users and/or customers to use apparatuses that provide cross-benefits during a transaction, including without limitation, that provide Elite Toys' users / customers with the ability to receive a benefit by applying for and/or using Google checkout.

19

99.     Elite Toy has been aware of the '056 patent since at least service of this action.

100.     On information and belief, Elite Toy has and continues to indirectly infringe one or more claims of the '056 patent by inducing others (e.g., end users of Elite Toy) to infringe and/or contributing to the infringement of others in violation of 35 U.S.C. §§ 271 (b) and (c).

101.     On information and belief, Elite Toy has had knowledge of the '056 patent since at least the inception of this action and, despite such knowledge, Elite Toy has specifically intended that its users and/or customers use the accused apparatuses in such a way that infringes the '056 patent by, at minimum, providing instructions to its users and/customers on how to use the accused apparatuses in such a way that infringes the '056 patent and knew or should have known that its actions, including providing such instructions, were inducing infringement.

102.     On information and belief, Elite Toy has been aware, since at least the service of this action, that its products accused of infringement including, but not limited to, its apparatuses that provide cross-benefits during a transaction, including without limitation, that provide Elite Toys' users / customers with the ability to receive a benefit by applying for and/or using Google checkout, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the '056 patent.

103.     Elite Toy committed these acts of infringement without license or authorization.

104.     Despite having actual notice of the '056 patent since at least the inception of this action, Elite Toy continues to willfully, wantonly and deliberately infringe the '056 patent in disregard of Walker Digital's rights.

105.     Walker Digital has been damaged as a result of Elite Toy's infringing conduct described in this Count.   Elite Toy is therefore liable to Walker Digital in an amount that adequately compensates Walker Digital for Elite Toy's infringing conduct, which, by law,

cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 25 U.S.C. § 284. Walker Digital will continue to suffer damages in the future unless Elite Toy's infringing activates are enjoined by this Court.

106.    Walker Digital has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Elite Toy, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '056 patent.

## INFRINGEMENT OF THE '056 PATENT BY FAST FURNISHINGS

## DIRECT INFRINGEMENT BY FAST FURNISHINGS

107.    On information and belief, Fast Furnishings has and continues to directly infringe one or more claims of the '056 patent in this judicial district and/or elsewhere in the United States, including at least claims 1 and 47, by, among other things, making, using, offering for sale, selling and/or importing apparatuses and/or practicing methods that provide cross-benefits during a transaction including, without limitation, that provide Fast Furnishings' users / customers with the ability to receive a benefit by applying for and/or using Google checkout.

108.    Fast Furnishings is thereby liable for direct infringement of the '056 patent pursuant to 35 U.S.C. § 271.

## INDIRECT INFRINGEMENT BY FAST FURNISHINGS

109.    On information and belief, Fast Furnishings has and continues to indirectly infringe one or more claims of the '056 patent in this judicial district and/or elsewhere in the United states, including at least claims 1 and 47, by, among other things, actively inducing users and/or customers to use apparatuses that provide cross-benefits during a transaction, including

without limitation, that provide Fast Furnishings' users / customers with the ability to receive a benefit by applying for and/or using Google checkout.

110.   Fast Furnishings has been aware of the '056 patent since at least service of this action.

111.   On information and belief, Fast Furnishings has and continues to indirectly infringe one or more claims of the '056 patent by inducing others (e.g., end users of Fast Furnishings) to infringe and/or contributing to the infringement of others in violation of 35 U.S.C. §§ 271 (b) and (c).

112.   On information and belief, Fast Furnishings has had knowledge of the '056 patent since at least the inception of this action and, despite such knowledge, Fast Furnishings has specifically intended that its users and/or customers use the accused apparatuses in such a way that infringes the '056 patent by, at minimum, providing instructions to its users and/customers on how to use the accused apparatuses in such a way that infringes the '056 patent and knew or should have known that its actions, including providing such instructions, were inducing infringement.

113.   On information and belief, Fast Furnishings has been aware, since at least the service of this action, that its products accused of infringement including, but not limited to, its apparatuses that provide cross-benefits during a transaction, including without limitation,  that provide Fast Furnishings' users / customers with the ability to receive a benefit by applying for and/or using Google checkout, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the '056 patent.

114.    Fast Furnishings committed these acts of infringement without license or authorization.

115.    Despite having actual notice of the '056 patent since at least the inception of this action, Fast Furnishings continues to willfully, wantonly and deliberately infringe the '056 patent in disregard of Walker Digital's rights.

116.    Walker Digital has been damaged as a result of Fast Furnishings's infringing conduct described in this Count.  Fast Furnishings is therefore liable to Walker Digital in an amount that adequately compensates Walker Digital for Fast Furnishings's infringing conduct, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 25 U.S.C. § 284.  Walker Digital will continue to suffer damages in the future unless Fast Furnishings's infringing activates are enjoined by this Court.

117.    Walker Digital has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Fast Furnishings, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '056 patent.

## INFRINGEMENT OF THE '056 PATENT BY AMAZON

## DIRECT INFRINGEMENT BY AMAZON

118.    On information and belief, Amazon has and continues to directly infringe one or more claims of the '056 patent in this judicial district and/or elsewhere in the United States, including at least claims 1 and 47, by, among other things, making, using, offering for sale, selling and/or importing apparatuses and/or practicing methods that provide cross-benefits during a transaction including, without limitation, that provide Amazon's customers / users with the ability to get a benefit in connection with a purchase via a cross-promotion.

119.    Amazon is thereby liable for direct infringement of the '056 patent pursuant to 35 U.S.C. § 271.

## INDIRECT INFRINGEMENT BY AMAZON

120.    On information and belief, Amazon has and continues to indirectly infringe one or more claims of the '056 patent in this judicial district and/or elsewhere in the United states, including at least claims 1 and 47, by, among other things, actively inducing users and/or customers to use apparatuses that provide cross-benefits during a transaction, including without limitation, that provide Amazon's customers / users with the ability to get a benefit in connection with a purchase via a cross-promotion.

121.    Amazon has been aware of the '056 patent since at least service of this action.

122.    On information and belief, Amazon has and continues to indirectly infringe one or more claims of the '056 patent by inducing others (e.g., end users of Amazon) to infringe and/or contributing to the infringement of others in violation of 35 U.S.C. §§ 271 (b) and (c).

123.    On information and belief, Amazon has had knowledge of the '056 patent since at least the inception of this action and, despite such knowledge, Amazon has specifically intended that its users and/or customers use the accused apparatuses in such a way that infringes the '056 patent by, at minimum, providing instructions to its users and/customers on how to use the accused apparatuses in such a way that infringes the '056 patent and knew or should have known that its actions, including providing such instructions, were inducing infringement.

124.    On information and belief, Amazon has been aware, since at least the service of this action, that its products accused of infringement including, but not limited to, its apparatuses that provide cross-benefits during a transaction, including without limitation, that provide Amazon's customers / users with the ability to get a benefit in connection with a purchase via a

cross-promotion, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the '056 patent.

125.   Amazon committed these acts of infringement without license or authorization.

126.   Despite having actual notice of the '056 patent since at least the inception of this action, Amazon continues to willfully, wantonly and deliberately infringe the '056 patent in disregard of Walker Digital's rights.

127.   Walker Digital has been damaged as a result of Amazon's infringing conduct described in this Count.  Amazon is therefore liable to Walker Digital in an amount that adequately compensates Walker Digital for Amazon's infringing conduct, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 25 U.S.C. § 284.  Walker Digital will continue to suffer damages in the future unless Amazon's infringing activates are enjoined by this Court.

128.   Walker Digital has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Amazon, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '056 patent.

## INFRINGEMENT OF THE '056 PATENT BY EBAY

## DIRECT INFRINGEMENT BY EBAY

129.   On information and belief, eBay has and continues to directly infringe one or more claims of the '056 patent in this judicial district and/or elsewhere in the United States, including at least claims 1 and 47, by, among other things, making, using, offering for sale, selling and/or importing apparatuses and/or practicing methods that provide cross-benefits during

a transaction including, without limitation, that provide eBay's customers / users with the ability to get a benefit in connection with a purchase via a cross-promotion.

130.     eBay is thereby liable for direct infringement of the '056 patent pursuant to 35 U.S.C. § 271.

## INDIRECT INFRINGEMENT BY EBAY

131.     On information and belief, eBay has and continues to indirectly infringe one or more claims of the '056 patent in this judicial district and/or elsewhere in the United states, including at least claims 1 and 47, by, among other things, actively inducing users and/or customers to use apparatuses that provide cross-benefits during a transaction, including without limitation, that provide eBay's customers / users with the ability to get a benefit in connection with a purchase via a cross-promotion.

132.     eBay has been aware of the '056 patent since at least service of this action.

133.     On information and belief, eBay has and continues to indirectly infringe one or more claims of the '056 patent by inducing others (e.g., end users of eBay) to infringe and/or contributing to the infringement of others in violation of 35 U.S.C. §§ 271 (b) and (c).

134.     On information and belief, eBay has had knowledge of the '056 patent since at least the inception of this action and, despite such knowledge, eBay has specifically intended that its users and/or customers use the accused apparatuses in such a way that infringes the '056 patent by, at minimum, providing instructions to its users and/customers on how to use the accused apparatuses in such a way that infringes the '056 patent and knew or should have known that its actions, including providing such instructions, were inducing infringement.

135.     On information and belief, eBay has been aware, since at least the service of this action, that its products accused of infringement including, but not limited to, its apparatuses that

provide cross-benefits during a transaction, including without limitation, that provide EBay's customers / users with the ability to get a benefit in connection with a purchase via a cross-promotion, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the '056 patent.

136.    eBay committed these acts of infringement without license or authorization.

137.    Despite having actual notice of the '056 patent since at least the inception of this action, eBay continues to willfully, wantonly and deliberately infringe the '056 patent in disregard of Walker Digital's rights.

138.    Walker Digital has been damaged as a result of eBay's infringing conduct described in this Count.  eBay is therefore liable to Walker Digital in an amount that adequately compensates Walker Digital for eBay's infringing conduct, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 25 U.S.C. § 284. Walker Digital will continue to suffer damages in the future unless eBay's infringing activates are enjoined by this Court.

139.    Walker Digital has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting eBay, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '056 patent.

## INFRINGEMENT OF THE '056 PATENT BY AMERICAN AIRLINES

## DIRECT INFRINGEMENT BY AMERICAN AIRLINES

140.    On information and belief, American Airlines has and continues to directly infringe one or more claims of the '056 patent in this judicial district and/or elsewhere in the United States, including at least claims 1 and 47, by, among other things, making, using, offering

for sale, selling and/or importing apparatuses and/or practicing methods that provide cross-benefits during a transaction including, without limitation, that provide American Airlines' customers / users with the ability to get discounted travel by applying for cross-promotions, such as a credit card.

141.    American Airlines is thereby liable for direct infringement of the '056 patent pursuant to 35 U.S.C. § 271.

## INDIRECT INFRINGEMENT BY AMERICAN AIRLINES

142.    On information and belief, American Airlines has and continues to indirectly infringe one or more claims of the '056 patent in this judicial district and/or elsewhere in the United states, including at least claims 1 and 47, by, among other things, actively inducing users and/or customers to use apparatuses that provide cross-benefits during a transaction, including without limitation, that provide American Airlines' customers / users with the ability to get discounted travel by applying for cross-promotions, such as a credit card.

143.    American Airlines has been aware of the '056 patent since at least service of this action.

144.    On information and belief, American Airlines has and continues to indirectly infringe one or more claims of the '056 patent by inducing others (e.g., end users of American Airlines) to infringe and/or contributing to the infringement of others in violation of 35 U.S.C. §§ 271 (b) and (c).

145.    On information and belief, American Airlines has had knowledge of the '056 patent since at least the inception of this action and, despite such knowledge, American Airlines has specifically intended that its users and/or customers use the accused apparatuses in such a way that infringes the '056 patent by, at minimum, providing instructions to its users

and/customers on how to use the accused apparatuses in such a way that infringes the '056 patent and knew or should have known that its actions, including providing such instructions, were inducing infringement.

146.    On information and belief, American Airlines has been aware, since at least the service of this action, that its products accused of infringement including, but not limited to, its apparatuses that provide cross-benefits during a transaction, including without limitation, that provide American Airlines' customers / users with the ability to get discounted travel by applying for cross-promotions, such as a credit card, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the '056 patent.

147.    American Airlines committed these acts of infringement without license or authorization.

148.    Despite having actual notice of the '056 patent since at least the inception of this action, American Airlines continues to willfully, wantonly and deliberately infringe the '056 patent in disregard of Walker Digital's rights.

149.    Walker Digital has been damaged as a result of American Airlines' infringing conduct described in this Count.  American Airlines is therefore liable to Walker Digital in an amount that adequately compensates Walker Digital for American Airlines' infringing conduct, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 25 U.S.C. § 284.  Walker Digital will continue to suffer damages in the future unless American Airlines' infringing activates are enjoined by this Court.

150.    Walker Digital has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting American Airlines, its agents,

servants, employees, representatives, and all others acting in active concert therewith from infringing the '056 patent.

## INFRINGEMENT OF THE '056 PATENT BY ZAPPOS

## DIRECT INFRINGEMENT BY ZAPPOS

151.    On information and belief, Zappos has and continues to directly infringe one or more claims of the '056 patent in this judicial district and/or elsewhere in the United States, including at least claims 1 and 47, by, among other things, making, using, offering for sale, selling and/or importing apparatuses and/or practicing methods that provide cross-benefits during a transaction including, without limitation, that provide Zappos's customers / users with the ability to get a benefit in connection with a purchase via a cross-promotion.

152.    Zappos is thereby liable for direct infringement of the '056 patent pursuant to 35 U.S.C. § 271.

## INDIRECT INFRINGEMENT BY ZAPPOS

153.    On information and belief, Zappos has and continues to indirectly infringe one or more claims of the '056 patent in this judicial district and/or elsewhere in the United states, including at least claims 1 and 47, by, among other things, actively inducing users and/or customers to use apparatuses that provide cross-benefits during a transaction, including without limitation, that provide Zappos's customers / users with the ability to get a benefit in connection with a purchase via a cross-promotion.

154.    Zappos has been aware of the '056 patent since at least service of this action.

155.    On information and belief, Zappos has and continues to indirectly infringe one or more claims of the '056 patent by inducing others (e.g., end users of Zappos) to infringe and/or contributing to the infringement of others in violation of 35 U.S.C. §§ 271 (b) and (c).

156.    On information and belief, Zappos has had knowledge of the '056 patent since at least the inception of this action and, despite such knowledge, Zappos has specifically intended that its users and/or customers use the accused apparatuses in such a way that infringes the '056 patent by, at minimum, providing instructions to its users and/customers on how to use the accused apparatuses in such a way that infringes the '056 patent and knew or should have known that its actions, including providing such instructions, were inducing infringement.

157.    On information and belief, Zappos has been aware, since at least the service of this action, that its products accused of infringement including, but not limited to, its apparatuses that provide cross-benefits during a transaction, including without limitation, that provide Zappos's customers / users with the ability to get a benefit in connection with a purchase via a cross-promotion, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the '056 patent.

158.    Zappos committed these acts of infringement without license or authorization.

159.    Despite having actual notice of the '056 patent since at least the inception of this action, Zappos continues to willfully, wantonly and deliberately infringe the '056 patent in disregard of Walker Digital's rights.

160.    Walker Digital has been damaged as a result of Zappos's infringing conduct described in this Count.   Zappos is therefore liable to Walker Digital in an amount that adequately compensates Walker Digital for Zappos's infringing conduct, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 25 U.S.C. § 284.   Walker Digital will continue to suffer damages in the future unless Zappos's infringing activates are enjoined by this Court.

161.    Walker Digital has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Zappos, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '056 patent.

## ADDITIONAL ALLEGATIONS AGAINST ALL DEFENDANTS

162.    Defendants' actions complained of herein will continue unless Defendants are enjoined by this Court.

163.    On information and belief, Facebook's and Fandango's infringement of the '470 patent, since at least the service of this action, has been and continues to be willful.  Facebook and Fandango have had notice of the '470 patent since at least the service of this complaint and, on information and belief, Facebook and Fandango have continued to infringe the '470 patent despite an objectively high likelihood that their actions constitute infringement of the '470 patent and a subject knowledge or obviousness of such risk.

164.    On information and belief, Defendants' infringement of the '056 patent, since at least the service of this action, has been and continues to be willful.  Defendants have had notice of the '056 patent since at least the service of this complaint and, on information and belief, Defendants have continued to infringe the '056 patent despite an objectively high likelihood that their actions constitute infringement of the '056 patent and a subject knowledge or obviousness of such risk.

165.    This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

## JURY DEMAND

Walker Digital hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Walker Digital requests that this Court find in its favor and against Defendants, and that this Court grant Walker Digital the following relief:

(a)  Enter judgment for Plaintiff on this Complaint;

(b)  Enter judgment that one or more claims of the '470 and/or '056 patents have been infringed, either directly or indirectly by Defendants;

(c)  Enter judgment that Defendants account for and pay to Walker Digital all damages to and costs incurred by Walker Digital because of Defendants' infringing activities and other conduct complained of herein;

(d)  Award Plaintiff damages resulting from Defendants' infringement in accordance with 35 U.S.C. § 284;

(e)  Enter a permanent injunction enjoining Defendants and their offices, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing or inducing infringement of each Asserted Patent, or, in the alternative, judgment that Defendants account for and pay to Walker Digital a reasonable royalty and an ongoing post judgment royalty because of Defendants' past, present and future infringing activities and other conduct complained of herein;

(f) That Walker Digital be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

(g) Judgment that Defendants' infringement was willful;

(h) Treble the damages in accordance with the provisions of 35 U.S.C. § 284;

(i) Find the case to be exceptional under the provisions of 35 U.S.C. § 285;

(j) That Walker Digital be granted such other and further relief as the Court may deem just and proper under the circumstances.

April 11, 2011                           BAYARD, P.A.

OF COUNSEL:                        /s/ Richard D. Kirk
                                              Richard D. Kirk (rk0922)
Anthony G. Simon                     Stephen B. Brauerman (sb4952)
Timothy E. Grochocinski             222 Delaware Avenue, Suite 900
THE SIMON LAW FIRM, P.C.          Wilmington, DE  19801
800 Market Street, Suite 1700       (302) 655-5000
Saint Louis, Missouri 63101          rkirk@bayardlaw.com
P. 314.241.2929                          sbrarueman@bayardlaw.com
F. 314.241.2929
asimon@simonlawpc.com            *Attorneys for Plaintiff Walker Digital, LLC*
teg@simonlawpc.com