**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WALKER DIGITAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  C.A. No.  11-313-SLR |
| | ) |
| FACEBOOK, INC., FANDANGO, INC. | )  **JURY TRIAL DEMANDED** |
| EXPEDIA, INC., FROM YOU FLOWERS, LLC, | ) |
| ELITE TOY STORE, INC., FAST | ) |
| FURNISHINGS, INC., AMAZON.COM, INC., | ) |
| EBAY, INC., AMERICAN AIRLINES, INC. and | ) |
| ZAPPOS.COM, INC., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT AMAZON.COM, INC.'S AND DEFENDANT
ZAPPOS.COM, INC.'S MEMORANDUM OF LAW IN SUPPORT OF
AMAZON.COM, INC.'S AND ZAPPOS.COM, INC.'S MOTION TO DISMISS**

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

OF COUNSEL:

Salumeh R. Loesch
Jeffrey S. Love
Todd M. Siegel
Philip Warrich
Garth A. Winn
KLARQUIST SPARKMAN, LLP
One World Trade Center
121 SW Salmon Street, Suite 1600
Portland, OR  97204

*Attorneys for Defendants Amazon.com, Inc.
and Zappos.com Inc.*

Dated:  July 5, 2011
1018949  / 36808

# TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................................... 1

II.   FACTS ALLEGED IN THE COMPLAINT .................................................... 1

III.  ARGUMENT ........................................................................................................ 4

   A.  Applicable Legal Authority ....................................................................... 4

   B.  The Complaint Does Not State A Sufficient Claim For Direct Infringement ..................... 6

   C.  The Complaint Does Not State A Sufficient Claim For Indirect Infringement .................. 8

      1.  Walker Fails To Plausibly Allege That  Some Third Party Directly Infringes ............... 9

      2.  Walker Fails To State A Plausible Claim For Inducement ........................................... 10

      3.  Walker Fails to State a Plausible  Claim for Contributory Infringement. ................. 13

   D.  Walker's Allegations Of Post-Suit Willful Infringement Should Be Dismissed ............... 14

IV.   CONCLUSION ..................................................................................................... 15

## TABLE OF AUTHORITIES

<small>CASES</small>

**Pages**

*Anascape, Ltd. v. Microsoft Corp.*,
   No. 9:06-CV-158, 2008 WL 7182476 (E.D. Tex. Apr. 25, 2008)..........................................15

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
   377 U.S. 476 (1964).......................................................................................................13

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009)........................................................................................5, 6, 7, 13

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)........................................................................................... *passim*

*BMC Res., Inc. v. Paymentech, L.P.*,
   498 F.3d 1373 (Fed. Cir. 2007)..........................................................................8, 9

*Colida v. Nokia, Inc.*,
   347 Fed. App'x 568 (Fed. Cir. 2009)...........................................................................6

*Eidos Communications, LLC v. Skype Technologies SA*,
   686 F. Supp. 2d 465 (D. Del. 2010).......................................................................7

*Fifth Market, Inc. v. CME Group, Inc.*,
   C.A. No. 08-520, 2009 WL 5966836 (D. Del. May 14, 2009).................................6

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   131 S. Ct. 2060 (2011).......................................................................... 8, 10, 11

*In re Seagate Tech., LLC*,
   497 F.3d 1360 (Fed. Cir. 2007) (en banc)...................................................6, 14, 15

*Mallinckrodt Inc. v. E-Z-Em Inc.*,
   670 F. Supp. 2d 349 (D. Del. 2009).....................................................8, 10, 12, 13

*Mallinckrodt Inc. v. E-Z-EM Inc.*,
   671 F. Supp. 2d 563 (D. Del. 2009)...........................................................................5

*Minkus Electronic Display Systems Inc. v. Adaptive Micro Systems LLC*,
   C.A. No. 10-666-SLR, 2011 WL 941197 (D. Del. Mar. 16, 2011) .......................... 12, 14

*Ormco Corp. v. Align Tech., Inc.*,
   463 F.3d 1299 (Fed. Cir. 2006).........................................................................7, 9

*Phillips v. County of Allegheny*,
   515 F.3d 224 (3d Cir. 2008)................................................................................5

*Sharafabadi v. Pac. Nw. Farmers Co-op*,
   No. C09-1043, 2010 WL 234769 (W.D. Wash. Jan. 14, 2010)..................................................6

*SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*,
   647 F. Supp. 2d 323 (D. Del. 2009) ..................................................................................10

*Webmap Technologies, LLC v. Google, Inc.*,
   No. 2:09-CV-343, 2010 WL 3768097 (E.D. Tex. Sept. 10, 2010)...................................14, 15

*Xpoint Techs., Inc. v. Microsoft Corp.*,
   730 F. Supp. 2d 349 (D. Del. 2010).......................................................................5, 8, 12, 14

## STATUTES AND RULES

35 U.S.C. § 271(b):............................................................................................... 10, 11

35 U.S.C. § 271(c) ....................................................................................................13

Fed. R. Civ. P. 12(b)(6)...................................................................................1, 4, 5, 7

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Amazon.com, Inc.

("Amazon") and Zappos.com, Inc. (Zappos) (collectively "Moving Defendants") move this

Court to dismiss the Complaint filed by Plaintiff Walker Digital, LLC ("Walker") against them

for failure to state a claim upon which relief can be granted.

## I.      INTRODUCTION

Walker's purported patent infringement claims against the Moving Defendants fail to

meet the pleading requirements for alleging direct, indirect, and willful infringement under

Supreme Court precedent and should therefore be dismissed.  Specifically, Walker's Complaint

consists of conclusory allegations devoid of facts or conduct that could support plausible claims

of direct, indirect or willful infringement. Walker's Complaint fails to identify with any

particularity: (a) how the Moving Defendants have allegedly infringed the patents-in-suit; (b) the

products or services offered by the Moving Defendants that allegedly infringe these patents; (c)

any direct infringers allegedly induced to infringe or by whom the Moving Defendants

contributed to infringement; or (d) any facts supporting pre-suit knowledge or intent on the part

of the Moving Defendants to support Walker's claims of indirect and willful infringement.

Accordingly, the Moving Defendants respectfully request that the Court dismiss Walker's claims

pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     FACTS ALLEGED IN THE COMPLAINT

On April 11, 2011, Walker filed its Complaint against ten defendants for alleged

infringement of U.S. Patent Nos. 7,827,056 ("the '056 patent") and/or 7,831,470 ("the '470

patent") (collectively, "the patents-in-suit").  (Docket ("D.I.") 1).[1]  Specifically, the Complaint

asserts infringement of claims 1 and 47 of the '056 patent and claims 16 and 21 of the '470

---

[1]  Zappos is accused only of infringing the '056 patent.

Patent.  Each of these asserted claims recites numerous limitations related to method steps.

Claim 1 of the '056 patent, for example, recites:

> A method, comprising: receiving an indication of at least one item in a
> shopping cart that a customer is ready to purchase from a first merchant via a
> web site; allowing a second merchant to intervene in the purchase of the at
> least one item by the customer from the first merchant by providing, in
> response to the received indication, an offer for a benefit from the second
> merchant, the step of providing the offer being performed before the at least
> one item is purchased, in which providing the offer comprises transmitting to
> the customer a web page including an indication of the at least one item in the
> shopping cart, an indication of an associated total price for the at least one
> item, a first selectable web page element associated with a first option for the
> customer to pay the associated total price for the at least one item, and a
> second selectable web page element associated with a second option for the
> customer to receive an offer for a reduction of the associated total price, in
> which the offer comprises an offer from the second merchant to have the at
> least one item provided to the customer for an amount less than the associated
> total price in exchange for the customer agreeing to sign up for a service with
> the second merchant and in which the service is not one of the at least one
> item to be purchased from the first merchant, and in which the offer is not
> provided unless and until the indication of the at least one item that the
> customer is to purchase from the first merchant is received; receiving from the
> customer via the web page a signal indicating selection by the customer of the
> second selectable web page element; and applying the benefit to the at least
> one item in response to the received signal, in which applying the benefit
> comprises selling the at least one item to the customer for a second price, the
> second price being less than the first price.

The Complaint alleges that Amazon directly infringes the patents-in-suit by "making,

using, offering for sale, selling and/or importing apparatuses and/or practicing methods that

provide cross-benefits during a transaction including, without limitation, that provide Amazon's

users / customers the ability to get a subsidy in connection with a purchase via a cross-

promotion," (D.I. 1, ¶ 48 (regarding the '470 patent)) or "that provide Amazon's customers /

users with the ability to get a benefit in connection with a purchase via a cross-promotion," (*id.* ¶

118 (regarding the '056 patent)).  The Complaint alleges that Zappos directly infringes the '056

patent by "making, using, ordering for sale, selling and/or importing apparatuses and/or

practicing methods that provide cross-benefits during a transaction including, without limitation, that provide Zappos' customers / users with the ability to get a benefit in connection with a purchase via a cross-promotion." (*Id.* ¶ 153). Those allegations are much too general, equivocal, incoherent and boilerplate to state a claim.

Walker also accuses Amazon and Zappos of indirect infringement. With regard to Amazon, Walker alleges that it had knowledge of the patents-in-suit "since at least the inception of this action and, despite such knowledge, Amazon has specifically intended that its users and/or customers use the accused apparatuses in such a way that infringe[] the [patents-in-suit] by, at minimum, providing instructions to its users and/customers on how to use the accused apparatuses in such a way that infringe[] the [patents-in-suit] and knew or should have known that its actions, including providing such instructions, were inducing infringement.[2] (*Id.* ¶¶ 53, 123). Walker further alleges that "Amazon has been aware, since at least the service of this action, that its products accused of infringement . . . are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the [patents-in-suit]." (*Id.* ¶¶ 54, 124). Walker makes substantively identical allegations of inducement and contributory infringement by Zappos of the '056 patent. (*Id.* ¶¶ 156, 157). Those allegations are also much too general, equivocal, incoherent and boilerplate to state a claim.

Walker further accuses the Moving Defendants of willful infringement. Specifically, Walker alleges that "[d]espite having actual notice of the [patents-in-suit] since at least the inception of this action, [the Moving Defendants] continue[] to willfully, wantonly and deliberately infringe the [patents-in-suit] in disregard of Walker Digital's rights." (*Id.* ¶¶ 56,

---

[2]  Walker's Complaint also characterizes the Moving Defendants' users and/or customers as "end users." (*Id.* ¶¶ 52, 122, 155).

126, 159 (regarding Zappos, and only with respect to the '056 patent)).  Later in the Complaint,

Walker again alleges that all of the defendants alleged infringement "since at least the service of

this action, has been and continues to be willful," and that all defendants "have continued to

infringe the '056 patent despite an objectively high likelihood that their actions constitute

infringement of the '056 patent and a subject knowledge of obviousness of such risk."  (*Id.* ¶

164).[3]  Such allegations of willful infringement only *after* the filing of the complaint are

inherently speculative, lacking in factual support and insufficient to state a claim.

## III.   ARGUMENT

### A.      Applicable Legal Authority

Under the Federal Rules of Civil Procedure, a defendant may move for dismissal based

on a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P.

12(b)(6).  To satisfy minimal pleading requirements, a plaintiff must provide "a short and plain

statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

*Twombly,* 550 U.S. 544, 555 (2007) (discussing Fed. R. Civ. P. 8(a)(2)) (internal quotation marks

omitted).

In order to survive a 12(b)(6) motion to dismiss, the factual allegations in a complaint,

when assumed to be true, must "be enough to raise a right to relief above the speculative level."

*Id.*  In *Twombly,* the Supreme Court held that "[a] plaintiff's obligation to provide the grounds of

his entitlement to relief requires more than mere labels and conclusions, and a formulaic

recitation of the elements of a cause of action."  *Id.* (internal quotation marks omitted).  "While

---

[3]  Walker also makes similar allegations regarding the '470 patent, but only names defendants
Facebook and Fandango in that portion of the Complaint.  (*Id.* ¶ 163).  Thus, Amazon
understands that Walker's claims of willful infringement regarding the '470 patent do not extend
to Amazon.

legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

Thus, stating a claim upon which relief can be granted "'requires a complaint with enough factual matter (taken as true) to suggest' the required element" of a cause of action. *Phillips v. County of Allegheny,* 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly,* 550 U.S. at 556). In addition, under *Twombly* and *Iqbal*, claims of indirect infringement must contain sufficient factual allegations to establish that, if such allegations are true, a claim to relief is plausible. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, No. 1:09-md-2050 (S.D. Oh. July 15, 2010). (Exhibit A attached hereto). "In sum, if a complaint 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' then the complaint is 'plausible on its face,' and will survive a motion to dismiss under Rule 12(b)(6)." *Mallinckrodt Inc. v. E-Z-EM Inc.*, 671 F. Supp. 2d 563, 568 (D. Del. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 570) (internal citations omitted).

The *Iqbal/Twombly* pleading requirements also apply to claims for indirect patent infringement. *See Xpoint Techs., Inc. v. Microsoft Corp*., 730 F. Supp. 2d 349, 356 (D. Del. 2010). Under the *Twombly/Iqbal* standard, to properly plead either inducement or contributory infringement, plaintiffs must allege facts establishing a plausible claim that a third party has engaged in direct infringement. The complaint must also plead facts supporting a plausible allegation that the accused infringer knew about the patent, and nonetheless, with specific intent, knowingly induced and encouraged the third party's direct infringement of the patent. Similarly, contributory infringement requires alleging facts showing that the accused infringer had

knowledge of the third party infringement and that the accused products lack substantial

noninfringing uses.

With respect to allegations of willful infringement, plaintiffs generally may not plead

willfulness based solely on post-filing activity unless they first seek preliminary injunctive relief:

> [W]hen a complaint is filed, a patentee must have a good faith basis for alleging willful infringement. Fed. R. Civ. P. 8, 11(b). ***So a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct.*** By contrast, when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement . . . ***A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct.***

*In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (en banc) (emphases added).

### B.    The Complaint Does Not State A Sufficient Claim For Direct Infringement

Walker's Complaint fails to provide the Moving Defendants with fair notice of what the

claims against them are and the grounds upon which such claims rest.  *See Twombly,* 550 U.S. at

555.  Accordingly, the Complaint does not plead sufficient claims for direct infringement against

the Moving Defendants.  For example, by failing to identify a single allegedly infringing product

or service with any particularity, Walker's Complaint fails even under the minimal requirements

implied by Form 18 of the Federal Rules of Civil Procedure, which this Court has held to require

the identification of the accused instrumentality.[4]  *See Fifth Market, Inc. v. CME Group, Inc.*,

C.A. No. 08-520, 2009 WL 5966836, at *1 (D. Del. May 14, 2009) (dismissing a complaint

---

[4]  In the wake of *Iqbal* and *Twombly*, the Federal Circuit and several district courts have questioned whether compliance with Form 18 is a reliable measure of sufficient direct infringement pleading.  *See, e.g., Colida v. Nokia, Inc.*, 347 Fed. App'x 568, 571 n.2 (Fed. Cir. 2009) (suggesting in dicta that compliance with Form 18 may not satisfy pleading requirements because "Form 18 is a sample pleading for patent infringement, but . . . was last updated before the Supreme Court's *Iqbal* decision"); *Sharafabadi v. Pac. Nw. Farmers Co-op*, No. C09-1043, 2010 WL 234769, at *2 n.3 (W.D. Wash. Jan. 14, 2010) (noting that "it is difficult to reconcile Form 18 with the Supreme Court's guidance").  As discussed herein, however, Walker's Complaint fails to meet even the minimal standards implied by Form 18.

where none of the claims "contain any reference to a single infringing product or method" and holding that the plaintiff "must allege, in general terms, an infringing product" in order to provide defendants "with fair notice regarding how they infringe the patents-in-suit" in accordance with Form 18).

This case is similar to *Eidos Communications, LLC v. Skype Technologies SA*, 686 F. Supp. 2d 465 (D. Del. 2010), where this Court granted a motion to dismiss where "no category of product (or general identification of a process or method) [was] identified." *Eidos*, 686 F. Supp. 2d. at 469.  In *Eidos*, "Plaintiffs allege[d] that defendants' 'communication system products and/or methodologies' infringe[d] its patents, without settling conclusively on whether they [were] targeting either a product or a method.  Plaintiffs were obligated to specify, at a minimum, a general class of products or a general identification of the alleged infringing methods." *Id.* at 467.  Similarly, in this case, Walker's generic references to unidentified "apparatuses and/or . . . methods" and Walker's conclusory characterizations of these unknown instrumentalities using terms such as "cross-promotion," "cross-benefit," "subsidy," and "benefit" from the patents-in-suit themselves fall well short of the *Iqbal* and *Twombly* standard and fail to state a claim upon which relief may be granted.  Not only has Walker failed to identify the allegedly infringing products or services with any particularity, but Walker also fails to identify even a single particularized example of the alleged "cross-benefits," "cross-promotions," "benefits," or "subsidies" provided by such accused instrumentalities.

In addition, Walker's allegations are conclusory, with virtually no information about how the Moving Defendants' activities or products could plausibly meet the claim limitations of the patents-in-suit. As such, they run afoul of *Twombly* and *Iqbal* and should be dismissed under Rule 12(b)(6).  For example, to directly infringe a method claim, each step of the claimed

process must be performed.  *See Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1310-11 (Fed. Cir. 2006).  Here, the Complaint makes no attempt to plead facts that would support a plausible claim that the Moving Defendants perform each step of the asserted claims.  The Complaint merely pleads that the defendants make, use, offer for sale, sell, and/or import apparatuses and/or practice methods that provide "cross-benefits" during a transaction such that customers or users may receive a "benefit" or "subsidy" in connection with a "cross-promotion." Although a plaintiff is not required to specifically include each element of the asserted patent's claims, it must do more than merely make boilerplate, conclusory assertions in order to state a plausible claim of infringement.  Using Claim 1 (recited above), as an example, the patent requires several detailed steps, besides the step of providing some sort of unspecified benefit to a customer.  It does not take a lengthy claim construction process to appreciate how many steps supposedly performed by the Moving Defendants are lacking from Walker's Complaint.

###### C.    The Complaint Does Not State A Sufficient Claim For Indirect Infringement

Because Walker's Complaint fails to state a claim for direct infringement, it necessarily fails to state a claim for indirect infringement because there can be no indirect infringement without a direct infringement.  *See BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1379 (Fed. Cir. 2007) ("Indirect infringement requires, as a predicate, a finding that some party amongst the accused actors has committed the entire act of direct infringement.").  Additionally, a claim for indirect infringement requires, at a minimum, knowledge of the patent-in-suit at the time of the allegedly infringing activities.  *Mallinckrodt Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009).  The Supreme Court recently clarified that inducement additionally requires "knowledge that the induced acts constitute patent infringement."  *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011).  Further, "knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect

8

infringement." *Xpoint*, 730 F. Supp. 2d at 357 (citing *Mallinckrodt*, 670 F. Supp. 2d at 354 n.1).

Walker's Complaint contains no such allegations of knowledge, fails to plausibly allege that

some third party directly infringes; and fails to identify an accused product or service with any

level of particularity; therefore, it cannot support a claim for indirect infringement.

### 1. Walker Fails To Plausibly Allege That Some Third Party Directly Infringes

For the Moving Defendants to be liable as indirect infringers under either inducement

or contributory infringement theories, Walker must first be able to plausibly allege that

some third party directly infringes. *See BMC Res.*, 498 F.3d at 1379. Here, the indirect

infringement allegations against the Moving Defendants are based on the supposed direct

infringement of the Moving Defendants' "customers" or "users." (*See, e.g.*, D.I. 1, ¶¶ 50,

120, 153). Such an allegation is implausible on its face, and a sufficient ground upon which

to dismiss Walker's indirect infringement claims.

As discussed above, Claim 1 of the '056 patent has numerous limitations, and to

infringe Claim 1, each step of the claimed process must be performed. *Ormco*, 463 F.3d at

1310-11. As pled, Walker's Complaint suggests that the Moving Defendants' customers or users

directly infringe this claim—i.e., that they perform every step of the claimed method. That

allegation is implausible on its face for several reasons. By way of example, Claim 1 of the '056

patent requires a step of "receiving an indication of at least one item in a shopping cart that a

customer is ready to purchase from a first merchant via a web site." '056 patent, col. 11, ll.

11-13. If a customer is the purported direct infringer, it is implausible to suggest that the

same customer "receiv[es] an indication . . . that a customer is ready to purchase." Claim 1

also requires a step of "receiving from the customer . . . selection by the customer." *Id.* at

col. 11, ll. 43-45. If a customer is the purported direct infringer, it is implausible to suggest

that the customer receives anything from herself.  Claim 1 further requires a step of "selling

the at least one item to the customer."  *Id.* at col. 11, l. 48.  If a customer is the purported

direct infringer, it is implausible to suggest that the customer sells anything to herself.

In short, it is clear that the asserted claims are not directed at the conduct of a

merchant's customer.  Moreover, the Complaint asserts that the same claims are being

directly infringed by both the Moving Defendants and their customers, which suggests that

Walker does not understand its own allegations and that such allegations are unintelligible.

Thus, and for this reason alone, the indirect infringement allegations against the Moving

Defendants are plainly not plausible and should be dismissed.

### 2.        Walker Fails To State A Plausible Claim For Inducement

The standard for induced infringement is set forth in 35 U.S.C. § 271(b): "Whoever

actively induces infringement of a patent shall be liable as an infringer." "To demonstrate

inducement of infringement, the patentee must establish first that there has been direct

infringement, and second that the alleged infringer knowingly induced infringement and

possessed specific intent to encourage another's infringement." *SRI Int'l, Inc. v. Internet*

*Sec. Sys., Inc.*, 647 F. Supp. 2d 323, 335 (D. Del. 2009) (internal quotation marks omitted).

More specifically, "induced infringement under § 271(b) requires knowledge that the

induced acts constitute patent infringement." *Global-Tech*, 131 S. Ct. at 2068.  As such, a

complaint stating a claim for inducement must allege the requisite knowledge and intent.

*Mallinckrodt*, 670 F.Supp. 2d at 354.

Dismissal of Walker's inducement claims is warranted for several reasons.  First,

Walker identifies an implausible direct infringer, as discussed above.  Second, Walker fails

to allege any facts regarding the Moving Defendants' conduct that can plausibly support a

finding of inducing activity.  Walker alleges only the following allegedly inducing conduct

by the Moving Defendants: "providing instructions to its users and/customers on how to use the accused apparatuses in such a way that infringes the [patents-in-suit]."  (D.I. 1, ¶¶ 53, 123, 156).  These allegations fall far short of the Supreme Court's requirement for pleading factual allegations.  For example, and as discussed above, the allegations do not identify what specific apparatuses or methods are being accused of infringement.  Nor do the allegations identify any facts regarding any specific "cross-benefit" provided by the Defendants.  The allegations also fail to identify a single fact regarding any specific "cross-promotion" or "instructions" provided by the Moving Defendants.

Moreover, Walker's Complaint also fails to allege the requisite knowledge and intent for claims of inducement.  *See Global-Tech*, 131 S. Ct. at 2068 (2011) (holding that "induced infringement under §271(b) requires knowledge that the induced acts constitute patent infringement" and affirming inducement verdict where defendant copied patented product and did not tell that to its clearance counsel).  Actual knowledge may be proven under "the doctrine of willful blindness," which has "two basic requirements: (1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact."  *Id.* at 2070.

Here, the only <u>facts</u> pled by Walker in connection with this requirement are inherently speculative: that the Moving Defendants have allegedly known about the patents since receiving service of the Complaint and/or the inception of the lawsuit.  (*See* D.I. 1, ¶¶ 51, 53, 54, 121, 123, 124, 154, 156, 157).  This *prediction* of *future* intent on its face fails to meet the requirements for factual pleading.  This certainly does not rise to the level of the requisite "knowledge that the induced acts constitute patent infringement," nor has Walker pled facts supporting a claim of "willful blindness" under *Global-Tech*.  An allegation that

the Moving Defendants obtained knowledge of the patents-in-suit at the time that Walker

filed this lawsuit simply does <u>not</u> support a claim for indirect infringement.  *See*

*Mallinckrodt,* 670 F. Supp. 2d at 354 n.1 ("The Court is not persuaded by Plaintiffs'

contention that the requisite knowledge [for an indirect infringement claim] can be

established by the filing of the Plaintiffs' Complaint."); *XPoint,* 730 F. Supp. 2d at 357

("[K]nowledge after filing of the present action is not sufficient for pleading the requisite

knowledge for indirect infringement.").

　　　To the extent that Walker attempted to plead pre-suit knowledge of the patents-in-

suit, this Court has found similar allegations insufficient.  For example, in *Minkus*

*Electronic Display Systems Inc. v. Adaptive Micro Systems LLC* , C.A. No. 10-666-SLR,

2011 WL 941197 (D. Del. Mar. 16, 2011), this Court noted that "[c]omplaints that the court

has found to satisfy the requirements for pleading knowledge contained a specific allegation

of defendants' knowledge," and thus held that the "plaintiff failed to plead facts sufficient to

plausibly demonstrate defendants' knowledge of the [asserted] patent" because "[p]laintiff's

allegations of knowledge were merely that '[defendants] had actual notice of infringement

of the [asserted] patent before the filing of this complaint.'"  *Id.* at *3.  Similarly, Walker's

allegations that the Moving Defendants knew of the patents-in-suit "since at least" either the

service of the Complaint or the inception of the action (*e.g.*, D.I. 1, ¶¶ 51, 53) fail to

plausibly plead the requisite pre-suit knowledge of the patents.

　　　Walker's remaining allegations regarding intent amount to nothing more than a mere

recital of the elements, devoid of any facts linking these elements to any alleged conduct of

the Moving Defendants.  *See XPoint*, 730 F. Supp. 2d at 356-57 & n.10 (dismissing indirect

infringement claim where plaintiff "resorts to a mere recitation of the elements for indirect

infringement, which is insufficient").  Concerning intent, the Complaint merely recites that the Moving Defendants "specifically intended that its users and/or customers use the accused apparatuses in such a way that infringes."  (D.I. 1, ¶¶ 53, 123, 156).  This conclusory allegation merely parrots the elements for inducement and thus runs afoul of the Supreme Court's requirement that plaintiffs provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly,* 550 U.S. at 555. Because Walker's allegations of intent comprise legal conclusions unsupported by factual allegations, they must be dismissed.  *See Iqbal*, 129 S. Ct. at 1950.

### 3. Walker Fails to State a Plausible Claim for Contributory Infringement.

Under 35 U.S.C. § 271(c), contributory infringement is established only if the defendant sells a product "knowing the same to be especially made or especially adapted for use in an infringement of such patent."  *See also Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964) (stating that a defendant must know that its product "was both patented and infringing").  In addition, the defendant's allegedly-infringing product must *not* be a "commodity of commerce suitable for substantial noninfringing use."  35 U.S.C. § 271(c).  Therefore, to be liable for contributory infringement, an infringer must sell, offer to sell or import into the United States a component of an infringing product "knowing [the component] to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use."  *Id.*  An allegation of contributory infringement must also plead requisite knowledge of the patent-in-suit at the time of infringement.  *Mallinckrodt,* 670 F. Supp. 2d at 354-55.

13

Here, Walker's contributory infringement claim fails for many of the same reasons as its inducement claims. Namely, Walker has not adequately pled direct infringement by a "customer" or "user," nor has Walker adequately pled the requisite knowledge as discussed above. Instead, Walker's claims for contributory infringement, like much of the rest of the Complaint, "resort[] to a mere recitation of the elements for indirect infringement, which is insufficient." *XPoint*, 730 F. Supp. 2d at 357. As in *Minkus*, where this Court granted a motion to dismiss a claim of contributory infringement where the plaintiff merely alleged that "defendants make, use, sell, or import components '[defendants] know to be especially adapted for use in infringing the [asserted] patent,'" *Minkus*, 2011 WL 941197, at *3, Walker merely recites the elements of contributory infringement in the form of legal conclusions. (*See* D.I. 1, ¶¶ 54, 124, 157). Accordingly, Walker's allegations of contributory infringement are inadequate and should be dismissed.

**D.**     **Walker's Allegations Of Post-Suit Willful Infringement Should Be Dismissed**

Of course, if this Court dismisses Walker's claims of direct and indirect infringement, then Walker's claims of willful infringement cannot stand. Moreover, these claims rest solely and improperly on the presumptive future intent of the Moving Defendants. (*See, e.g.*, D.I. 1, ¶ 164). Because the only fact pled in support of Walker's willful infringement claims relates to notice of the patent by means of service in this action, (*e.g.*, *id.*) Walker seemingly contends that the filing of this lawsuit alone presumptively transforms any allegedly infringing activity into willful infringement. Walker pleads no additional facts to support this speculative conclusion, and accordingly Walker's claims of post-filing willful infringement should be dismissed.

The Federal Circuit has clearly indicated that the proper recourse for post-filing willful infringement is a preliminary injunction and that "[a] patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages

based solely on the infringer's post-filing conduct." *Seagate*, 497 F.3d at 1374.  This case is analogous to *Webmap Technologies, LLC v. Google, Inc.*, No. 2:09-CV-343, 2010 WL 3768097 (E.D. Tex. Sept. 10, 2010), where the court dismissed a claim of willfulness specifically because the plaintiff had not sought preliminary injunctive relief: "In the present action, Yahoo is unfairly prejudiced by Plaintiff's attempt to claim post-filing willful infringement without first seeking a preliminary injunction.  Even assuming *Seagate* may be dicta on this point, the undersigned concludes it accurately reflects the general rule in the Federal Circuit. No extenuating circumstances have been alleged in this case that would justify a departure from that rule."  *Id.* at *4; *see also Anascape, Ltd. v. Microsoft Corp.*, No. 9:06-CV-158, 2008 WL 7182476, at *3 (E.D. Tex. Apr. 25, 2008) (holding that plaintiff's "argument that it did not move for a preliminary injunction because it probably would have failed is unavailing").  Just as in *Webmap*, Walker's attempt to plead post-filing willful infringement based on the speculative future state of mind of the Moving Defendants without first seeking preliminary injunctive relief is improper. Accordingly, Walker's claims for willful infringement should also be dismissed.

## IV.   <u>CONCLUSION</u>

For all the reasons set forth above, Moving Defendants respectfully request that the Court dismiss the Complaint against them for failure to state a claim upon which relief can be granted.

Respectfully submitted,

OF COUNSEL:                          POTTER ANDERSON & CORROON LLP

Salumeh R. Loesch
Jeffrey S. Love                      By:    /s/ David E. Moore
Todd M. Siegel                              Richard L. Horwitz (#2246)
Philip Warrich                              David E. Moore (#3983)
Garth A. Winn                               Hercules Plaza, 6th Floor
KLARQUIST SPARKMAN, LLP                     1313 N. Market Street
One World Trade Center                      Wilmington, DE  19801
121 SW Salmon Street, Suite 1600            Tel:  (302) 984-6000
Portland, OR  97204                         rhorwitz@potteranderson.com
                                            dmoore@potteranderson.com

Dated:  July 5, 2011
1018949 / 36808                      *Attorneys for Defendants Amazon.com, Inc.*
                                     *and Zappos.com Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

<u>**CERTIFICATE OF SERVICE**</u>

      I, David E. Moore, hereby certify that on July 5, 2011, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

      I further certify that on July 5, 2011, the attached document was Electronically Mailed to

the following person(s):

Richard D. Kirk
Stephen B. Brauerman
Bayard, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE 19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
*Attorneys for Plaintiff*

Anthony G. Simon
Timothy E. Grochocinski
The Simon Law Firm, P.C.
800 Market Street, Suite 1700
Saint Louis, MO  63101
asimon@simonlawpc.com
teg@simonlawpc.com
*Attorneys for Plaintiff*

Kevin F. Brady
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19899
kbrady@cblh.com
*Attorneys for Defendant American Airlines,
Inc.*

Mike McKool, Jr.
Bradley W. Caldwell
Phillip M. Aurentz
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, TX  75201
mmckool@mckoolsmith.com
bcaldwell@mckoolsmith.com
paurentz@mckoolsmith.com
*Attorneys for Defendant American
Airlines, Inc.*

Jack B. Blumenfeld
Rodger D. Smith, II
Morris, Nichols, Arsht & Tunnell, LLP
1201 North Market Street
Wilmington, DE 19899
jblumenfeld@mnat.com
rsmith@mnat.com
*Attorneys for Defendant eBay, Inc.*

Lauren Murphy Pringle
Fish & Richardson P.C.
222 Delaware Avenue, 17th Fl.
Wilmington, DE  19899-1114
pringle@fr.com
*Attorneys for Defendant Expedia, Inc.*

Steven L. Caponi (#3484)                Dennis P. McCooe
Blank Rome LLP                          Blank Rome LLP
1201 Market Street                      One Logan Square
Wilmington, DE  19801                   Philadelphia, PA  19103
caponi@blankrome.com                    mccooe@blankrome.com
*Attorneys for Defendant Facebook, Inc.*   *Attorneys for Defendant Facebook, Inc.*


By:   */s/ David E. Moore*
      Richard L. Horwitz
      David E. Moore
      POTTER ANDERSON & CORROON LLP
      Tel:  (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com

1011514/36808/36894

2