**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WALKER DIGITAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-cv-00313-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| FANDANGO, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

## [PROPOSED] AGREED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, all Parties to this lawsuit have stipulated and agreed to the terms and entry of, and the Court hereby orders the parties to abide by, this Protective Order.

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure.  Information subject to this Protective Order may be used only for the purposes of this litigation.  Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the Court finds that:

1.     Documents and information containing confidential, proprietary business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses are likely to be disclosed or produced during the course of discovery in this litigation;

2.     The parties to this litigation or third parties may assert that public dissemination and disclosure of Confidential Information could injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3.     Counsel for the party or parties receiving Confidential Information may presently be without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4.     To protect the respective interests of the parties and non-parties and to facilitate the progress of disclosure and discovery in this litigation, the following Order should issue.

IT IS, THEREFORE, ORDERED THAT:

1.     Confidential Information, including but not limited to electronic and hard copy documents, deposition testimony, or discovery responses containing Confidential Information, as well as copies thereof, disclosed or produced by any party in this litigation (or by any third party or non-party) are referred to as "Protected Matters."   Except as otherwise indicated below, Protected Matters may be designated by a producing party or producing non-party as "Confidential," "Attorneys' Eyes Only," or "HIGHLY CONFIDENTIAL – SOURCE CODE" as described below.   "Producing Party" refers to the party (or group of related parties) producing or designating the Protected Matters.   "Receiving Party" refers to the party receiving or inspecting the Protected Matters.

2.     Protected Matters designated as "Confidential" shall be limited to material that the designating party believes in good faith must be held confidential to protect business or commercial interests.   Protected Matters designated as "Attorneys' Eyes Only" shall be limited to material that the designating party believes in good faith is so commercially sensitive or

confidential that the disclosure to employees of another party, even under the restricted terms and conditions applicable to material designated "Confidential," would not provide adequate protection to the interests of the designating party.

3.      Protected Matters shall not include (a) publicly available advertising materials, (b) materials that have been published to the general public by legal means, or (c) documents that have been submitted to any governmental entity without request for confidential treatment.

4.      Protected Matters designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to additional protections given the particularly sensitive nature of the information, unless otherwise advised by the Producing Party:

(a)      Any source code that is produced in this case shall be made available for inspection in electronic (*e.g.*, native) format at an office of Producing Party's counsel, or at a mutually agreeable location.  Source code includes, but is not limited to, files in programming languages such as C++, Java, and Flash.  For the avoidance of doubt, the Producing Party may designate as source code "include" files, make files, link files, algorithms, pseudocode, and other human-readable files used in the generation, building or compiling of software or firmware.  If the Receiving Party believes any source code is missing from files made available for inspection by a Producing Party, it must meet and confer with the Producing Party.  If a dispute remains after the meet and confer, the Receiving Party may request an order from the court directing the Producing Party to make available the build scripts, compilers, assemblers, and other utilities necessary to rebuild the application from source code, along with instructions for their use if the Court finds that source code is missing from the files made available for inspection.  For purposes of this Protective Order, multiple, related defendants may together constitute a single Producing Party if they are jointly producing source code for inspection.

(b)      Once source code has been made available for inspection in accordance with Paragraph 4(c)(i) of this Protective Order, the Receiving Party shall provide notice of its inspection five (5) business days prior to the inspection.  The notice shall include the expected dates of the inspection as well as the name, employer(s), and title(s) of each individual who will be conducting the inspection and a copy of each individual's executed Certifications A and B. The source code shall be available for inspection from 9:00 a.m. to 6:00 p.m. local time, Monday through Friday (excluding national or local holidays), and other days and/or times, subject to the timely request by the Receiving Party, and subject to the Producing Party's availability and good faith efforts to accommodate the requested inspection.  The number of days of source code inspection for any Receiving Party shall not exceed seven (7) per Producing Party without good cause.  Should a Receiving Party wish to conduct inspections in excess of seven days, the Receiving Party may request a meet and confer to discuss the need for additional days of inspection.  If no resolution can be reached that permits the Receiving Party to conduct additional days of inspection, the Receiving Party shall be entitled to seek a Court resolution permitting additional inspections.  The Producing Party may maintain a daily log of the names of persons who enter the room to view the source code.  The Producing Party may require that each individual for the Receiving Party, upon each entry or exit of the source code viewing room by that individual, sign a log, provided by the Producing Party, indicating the name of that individual, whether the individual entered or exited the source code viewing room, and the date and time of such entry or exit.  The Receiving Party may not take any form of camera, computer, computer storage device, or smartphone into the source code viewing room.  The Producing Party shall be entitled to have a person monitor all entrances and exits from the source code viewing room.  The Producing Party shall also be entitled to visually monitor the Receiving

4

Party's activities in the source code viewing room from outside such room, through a glass wall or window, so long as the Producing Party cannot hear the Receiving Party or see the contents of the Receiving Party's notes or the display of the Source Code Computer.  For the sake of clarity, the Producing Party may not use a video camera or other recording device to visually monitor the source code viewing room.  The Producing Party may not, however, physically enter the source code viewing room when the Receiving Party is present, without the Receiving Party's consent. However, the foregoing is not intended to restrict in any way the Producing Party's ability or right to otherwise ensure, for example, that the source code remains secure and the Source Code Computer has not been tampered with, and that the provisions of the Protective Order have not been violated.

(c)     Source code that is designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)   All source code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers and with all input/output ports (such as USB, eSata, and Firewire) and networking (such as Ethernet and Wi-Fi) disabled or blocked and account access restricted, as appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any source code outside or away from the computer on which the source code is provided for inspection (the "Source Code Computer").  The Producing Party shall install tools and software that are sufficient for viewing and searching the code produced on the platform produced.  The Producing Party shall provide a list of the tools that it intends to install on the Source Code Computer fifteen (15) business days before the Source

Code Computer is made available for inspection.  The Receiving Party's outside counsel and/or experts may request that additional commercially available software tools to assist in reviewing and searching the electronic source code (such as Ultra Edit Studio, Emacs/Etags (part of the Cygwin tool suite), or other such similar tools or software for viewing and searching the source code) be installed on the Source Code Computer.  The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least six (6) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.  The Producing Party may decline to install any requested inspection software if the software represents any unreasonable risk of compromising security of the source code or the Source Code Computer, or the software could be used for any other illegitimate purpose in contravention of the Protective Order.   For emphasis, it should be noted that the tools for reviewing source code may not be used to circumvent the protections of this Protective Order in any way.

(ii)     The electronic source code shall be produced as it is kept in the normal course of business, or as it would be collected in the normal course of business.  The Receiving Party's outside counsel and/or experts shall be entitled to take handwritten notes relating to the source code.  Such notes may include excerpts of the source code, not exceeding 5 out of any 15 contiguous lines of code, when reasonably necessary to guide the note taker's use of later-requested paper copies of the source code.  Otherwise, no copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided in this Protective Order.  Further, no other written or electronic record of the source code is permitted except as otherwise provided in this Protective Order.

(iii) At the request of the Receiving Party, the Producing Party must provide within ten (10) business days of such request, paper copies of reasonable portions of the source code identified at the time of inspection by the Receiving Party.  The Producing Party will provide the requested paper copies on watermarked or colored paper copies and shall include Bates numbers and "HIGHLY CONFIDENTIAL – SOURCE CODE" labels when printed.  The paper copies must be kept in a secured location at the offices of the Receiving Party's Outside Counsel at all times.   No additional copies of such source code may be made except the Receiving Party may make  two (2) additional sets of printed source code sections for internal use, not including copies attached to court filings or used at depositions.  The Receiving Party shall request printing of only such portions as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose.  The Receiving Party shall not request printing of source code in order to review blocks of source code elsewhere in the first instance, *i.e.*, as an alternative to reviewing that source code electronically on the Source Code Computer.   Such printouts are to be of minimum 10-point, fixed-width font, and shall not exceed sixty-five (65) lines of text per page.  Additionally, except as otherwise provided herein, the Receiving Party shall not request printing of any continuous block of HIGHLY CONFIDENTIAL – SOURCE CODE material that results in more than thirty-five (35) printed pages.  If the Receiving Party wishes to have printed more than 350 pages in aggregate per Producing Party during the case, the Receiving Party may request a meet and confer to discuss the printing of additional code.  Such options as destroying unnecessary existing printouts shall be discussed.  If no resolution can be reached that permits the Receiving Party to request printing of more than 350 pages per Producing Party, the Receiving Party shall be entitled to seek a Court resolution permitting additional printing or print requests.  The parties shall meet and confer on an appropriate briefing

schedule for such motion practice.  If the Producing Party objects that the printed portions or portions requested to be printed are excessive and/or not reasonably necessary to any case preparation activity, the Producing Party shall make such objection known to the Receiving Party within five (5) business days.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution as to whether the printed source code in question is narrowly tailored and reasonably necessary to any case preparation activity as provided herein.  The Producing Party shall file a Motion for Protective Order within five (5) business days of the completion of the meet and confer process.  The Receiving Party shall file a response to the motion within five (5) business days.  The Producing Party must use its power to object reasonably and may not, for example, make an objection simply to introduce delay or attempt to discover privileged information.  In the absence of any objection, or upon resolution of any such dispute by the Court, the Producing Party shall provide via overnight mail one copy set of such pages to counsel of record for the Receiving Party within five (5) business days.  The printed pages shall constitute part of the source code produced by the Producing Party in this action.  The Receiving Party shall maintain a log recording the identity of the outside counsel and/or experts accessing the printed source code, the date of access, and the time the access began and ended.  The log shall be produced to the Producing Party upon request if the Producing Party has a justifiable belief that the printed source code has been improperly disclosed.  Except as provided in this Protective Order, no electronic copies of the electronic source code shall be made.

(iv)    The Receiving Party that wants to use any source code at a deposition may, no earlier than five (5) days prior to any such deposition, make only as many copies, and only of the specific pages, as the Receiving Party intends to actually use at the

deposition.   Entire copies of a Producing Party's printed source code may not be used at the deposition.   For any source code used as a deposition exhibit, the Receiving Party shall have the deponent, on the record, sign his or her name to each page of the original exhibit.   The Receiving Party shall retain the original of any such exhibit, which shall not be appended to the transcript of the deposition, and shall provide a copy of the signed original exhibit to the Producing Party.   At the conclusion of the deposition, the Receiving Party will collect all other copies of the source code.   The entirety of the source code shall not be required to be made available at deposition, but only selected excerpts that are reasonable in length and that relate to the technical features that are at issue in the case.

(v)    Unless otherwise agreed in advance by the parties in writing, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information at the end of each day. Materials inadvertently left in the source code review room do not operate as a waiver of the attorney work product doctrine or any other applicable privilege and shall be returned to the owner promptly.   The Producing Party shall not be responsible for any items left in the source code review room.

(vi)    Other than as provided herein, the Receiving Party will not copy, remove, transcribe, or otherwise transfer any source code from the Source Code Computer including, without limitation, copying, removing, or transferring the source code onto any other computers or peripheral equipment.   The Receiving Party will not electronically transmit any source code in any way, including, but not limited to, electronic transmission from the Producing Party's facilities or the offices of its outside counsel of record.   This provision does not prevent the parties from including source code information, when necessary, in e-filings to the Court

made under seal.   Unless otherwise agreed by the Producing and Receiving Parties, service copies of such e-filings are to be served via secure FTP or Federal Express.

(vii)    The Receiving Party's outside counsel of record and any person receiving a copy of any source code shall maintain and store any paper copies of the source code at their offices in the United States of America in a manner that prevents duplication of or unauthorized access to the source code, including, without limitation, storing the source code in a locked room or cabinet at all times when it is not in use.

(viii)    All paper copies of source code shall be securely destroyed in a timely manner if they are no longer in use (*e.g.*, at the conclusion of a deposition).   Copies of source code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers and the exhibit shall be handled as provided for above in Paragraph 4(c)(iii). Subject to Paragraph 4(c)(iii), if the deposition exhibit has been marked up or altered in any way by the deponent, the Receiving Party shall store the exhibit in the same way paper copies of the source code are stored.

(ix)    Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party and any persons receiving source code from Receiving Party may not create electronic images, or any other images, or make electronic copies, of the source code from any paper copy of source code for use in any manner (including by way of example only, the Receiving Party and any persons receiving source code from Receiving Party may not scan the source code to a PDF or photograph the code).   A party may make and use snippets and images of the source code if necessary for court filings, expert reports, discovery responses and other similar documents.   All such documents shall be clearly

marked "HIGHLY CONFIDENTIAL – SOURCE CODE" and, if filed, shall be filed under seal. Unless agreed by the parties, images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead).

(x)     After final resolution of the case as to any party producing source code, any Receiving Parties shall within twenty (20) business days certify the return or destruction of any printed or duplicated source code material and all notes or other materials derived therefrom.

5.     Confidential Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party, may be designated by any party (or by the third party disclosing any such Confidential information) as "Confidential," "Attorneys' Eyes Only" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information by indicating on the record at the deposition that the testimony is "Confidential," "Attorney's Eyes Only" or "HIGHLY CONFIDENTIAL – SOURCE CODE" and is subject to the provisions of this Order.  Any party (or third party having disclosed such Confidential Information) may also designate information disclosed at such deposition as "Confidential," "Attorneys' Eyes Only," or "HIGHLY CONFIDENTIAL – SOURCE CODE" by notifying all of the parties of the designation in writing within thirty (30) days of receipt of the final transcript. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody, or control.  All deposition transcripts shall be treated as "Attorneys' Eyes Only" for a period of thirty (30) days after the receipt of the transcript.  To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential," "Attorneys' Eyes Only" or "HIGHLY

CONFIDENTIAL – SOURCE CODE," with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing "Confidential," "Attorneys' Eyes Only," and/or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall have page numbers that correspond to the blank pages in the main transcript.

6.      At any time after the delivery of Protected Matters, counsel for the party or parties receiving the Protected Matters may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Matters. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Matters wishing to contest the designation may file a motion with the Court with regard to any Protected Matters in dispute. Upon the filing of such a motion by the Receiving Party or Parties, the Party or Parties producing the Protected Matters shall have the burden of establishing that the disputed Protected Matters are entitled to confidential treatment. All Protected Matters are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

7.      Protected Matters and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

8.      Protected Matters designated as "Confidential" and any information contained therein may be disclosed (and copies may be made to facilitate this disclosure) only to the following persons ("Qualified Persons"):

12

A.     Outside counsel of record in this litigation for the party or parties receiving Protected Matters, including their administrative staff (*e.g.*, paralegals and secretaries) assigned to and necessary to assist counsel in the preparation or trial of this action;

B.     In-house counsel for the parties, including parent corporations and subsidiaries and other affiliated companies of the parties, including their administrative staff (*e.g.*, paralegals and secretaries) assigned to and necessary to assist counsel in the preparation or trial of this action;

C.     The Court;

D.     Actual or potential independent experts or consultants (including translators) who have signed a document agreeing to be bound by the terms of this protective order (at Exhibit A hereto) and Expert Certification (at Exhibit B hereto, which in the case of an expert or consultant that is employed by an organization that includes other persons who may provide assistance in connection with work related to the action, shall also bind such other persons) and whose identity, curriculum vitae, and litigation consulting or expert work for the previous four (4) years, is provided to the party whose Protected Matters are to be disclosed for purposes of their making a reasonable objection prior to any disclosure of Protected Matters;

E.     Three party representatives who shall be designated in writing by the party prior to any disclosure of Protected Matters to such person and who shall sign a document agreeing to be bound by the terms of this protective order (at Exhibit A hereto) prior to any disclosure of Protected Matters; and,

F.      Personnel of graphics, litigation support, and trial/jury consulting firms, including any mock jurors, engaged by a party or its attorneys in connection with this litigation who have signed or a representative has signed Exhibit A hereto prior to any disclosure of Protected Matters.

9.      Protected Matters designated as "Attorneys' Eyes Only" shall be restricted in circulation to Qualified Persons described in Paragraphs 8(A), 8(C), 8(D), and 8(F).  Protected Matters designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be restricted in circulation to Qualified Persons described in Paragraphs 8(A), 8(C), 8(D), and 8(F) and shall be subject to the prosecution bar and considered Prosecution Bar Materials as set forth below.

10.      Protected Matters and any information contained therein shall be used solely for the prosecution or defense of this litigation.  Confidential Information shall not be disclosed or made available by the Receiving Party to persons other than Qualified Persons, as described above.

11.      If a party objects to the disclosure of Protected Matters to an independent consultant or expert described in Paragraph 8(D), above, the objecting party may serve written objections on all parties, identifying with particularity the basis for that objection.   Such objections shall not be unreasonably made.  Service of the objections shall be made by personal delivery, facsimile, e-mail, or by overnight delivery, within five (5) business days after the date of receipt of the identification of the independent consultant or expert.   No disclosure of Protected Matters may be made to such independent consultant or expert until after the expiration of such period for making objections.  The parties shall meet and confer in good faith to resolve the disagreement.  If the parties cannot agree on disclosure of Protected Matters to the proposed independent consultant or expert, the objecting party shall have an additional seven (7)

business days after the meet and confer in which to file a motion for an Order forbidding disclosure to the proposed independent consultant or expert.  On any such motion, the objecting party shall have the burden of proof and no disclosure of Protected Matters may be made until after the validity of the objection has been resolved, either by negotiation or the Court.

12.      To the extent that Protected Matters or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Matters or information contained therein.

13.      If, through inadvertence, a Producing Party provides any information pursuant to this litigation without marking the information as "Confidential," "Attorneys' Eyes Only," or "HIGHLY CONFIDENTIAL – SOURCE CODE," the Producing Party may subsequently inform the Receiving Party of the specific designation of the disclosed information, and the Receiving Party shall treat the disclosed information as "Confidential," "Attorneys' Eyes Only," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information upon receipt of written notice from the Producing Party.  To the extent the Receiving Party has already disclosed such information, the Receiving Party shall use its best efforts to promptly collect any copies of disclosed material that have been provided to individuals other than those authorized under this Protective Order, and if collected, shall destroy or return them to the Producing Party. Inadvertent or unintentional production of "Confidential," "Attorneys' Eyes Only," or "HIGHLY CONFIDENTIAL – SOURCE CODE" documents or information that are not so designated shall not be deemed a waiver in whole or in part of a claim for treatment as "Confidential," "Attorneys' Eyes Only," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

14.     The party or parties receiving Protected Matters shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Matters or any information contained therein.

15.     After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record through legal means.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Matters for enforcement of the provisions of this Order following termination of this litigation.

16.     Upon final termination of this litigation by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Matters shall make reasonable efforts to return to the Producing Party's counsel or destroy the Protected Matters and all copies thereof.  If hard copy Protected Matters and copies (*e.g.*, printed source code) are destroyed, outside counsel for the Receiving Party shall provide a certificate of destruction to the Producing Party. Protected Matters stored electronically (*e.g.*, document productions) shall be deleted; however, the Receiving Party is not required to purge Protected Materials from any archive, backup, or disaster recovery systems.  Outside counsel for the Receiving Party shall provide a certificate of deletion to the Producing Party within 60 days after such final termination.  Notwithstanding this provision, outside counsel for the parties are entitled to retain an archival copy of discovery responses, pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Matters. Any such archival copies that contain or constitute Protected Matters remain subject to this Protective Order.  Outside counsel need not purge its document management system or disaster recovery system (*e.g.*, backup tapes) to eliminate Protected Matters.  This paragraph applies to any Protected Matters circulated to Qualified Persons described in Paragraphs 8(B), 8(D), 8(E), and 8(F) above.  Counsel for the

party or parties receiving Protected Matters shall obtain written confirmation within 60 days after such final termination from such Qualified Persons to whom they have circulated Protected Matters that all such Protected Matters and all copies thereof have been returned to such counsel or destroyed, and that reasonable measures have been taken in good faith to delete all such Protected Matters stored electronically, as provided for in this paragraph.

17.     This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

18.     PROSECUTION BAR

1.     Notwithstanding any other provisions of this Protective Order, under no circumstances shall any person employed by, related to, or representing the parties, who has reviewed and/or learned any technical-related Protected Matters regarding products or technology of another party designated "Attorneys' Eyes Only" or "HIGHLY CONFIDENTIAL – SOURCE CODE", or any information contained therein, (and which are designated and labeled as "Prosecution Bar Materials" and therefore subject to the provisions of this paragraph) engage in any Prosecution Activity (as defined below) on behalf of a party asserting a patent in this case.  Furthermore, any person reviewing and/or learning Prosecution Bar Materials shall not engage in any Prosecution Activity involving any application in the same family as the patents-in-suit, or any other claims pertaining to methods of providing cross-promotions, cross-subsidies, cross-benefits, and/or upsell offer activities for the sale of products,

services, and/or service agreements, using computers, webservers, other servers, databases, and other systems, apparatus and computer readable media to perform such methods.  The provisions of this paragraph do not apply where a party discloses its own Prosecution Bar Materials to an individual not designated under this Order to receive such materials.  For the avoidance of doubt, except as provided in subparagraph 4 of paragraph 18, these restrictions shall apply to original prosecutions and post-grant proceedings, such as reissue and reexamination proceedings.   Except as provided in subparagraph 4 of paragraph 18, these restrictions shall apply from the time of receipt of such Protected Matter through and including eighteen months (18) following the entry of a final, non-appealable judgment or order or the complete settlement of all claims against all Parties in this action.  For the sake of clarity, this paragraph does not apply to individuals that review and/or learn solely non-technical Protected Matters such as financial or sales information.

2. The following documents and materials shall not be eligible for classification as Prosecution Bar Materials: (i) documents and information related only to damages or reasonable royalty rates; (ii) publications, including patents and published patent applications; (iii) materials regarding a third-party system or product that is publicly known, on sale, or in public use unless such materials are designated as Prosecution Bar Materials by that third party or are subject to confidentiality obligations owed to that third party; and (iv) information that is publicly available.

3. Prosecution Activity shall mean, except as provided in subparagraph 4 of paragraph 18, on the basis of Prosecution Bar Materials: (1) prepare and/or prosecute any patent application (or portion thereof), whether design or utility, and either in the United States or abroad on behalf of a patentee or assignee of patentee's rights; (2) prepare patent claim(s) on behalf of a patentee or assignee of patentee's rights; (3) participate in any reissue or reexamination proceedings on behalf of a patentee or assignee of patentee's rights; or (4) provide advice, counsel or suggestions regarding, or in any other way influencing, claim scope and/or language, embodiment(s) for claim coverage, claim(s) for prosecution, or products or processes for coverage by claim(s) on behalf of a patentee or assignee of patentee's rights.  In addition, nothing in this paragraph shall prevent any attorney from sending Prior Art to an attorney involved in patent prosecution for purposes of ensuring that such Prior Art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.  Prior Art shall mean (i) publications, including patents and published patent applications; and (ii) materials or information regarding a third party system or product that was publicly known, on sale, or in public use as of the relevant priority date, unless such materials are designated as Prosecution Bar Materials by that third party or are subject to confidentiality obligations owed to that third party.

4. The provisions of paragraph 18 shall not prevent Plaintiff's litigation counsel who has seen or reviewed the content of Prosecution Bar Materials from

reviewing communications from the United States Patent Office ("PTO")
regarding a re-examination proceeding or from discussing claim interpretation
issues or ways of distinguishing claims in any such reexamination from any
prior art, including with re-examination patent counsel; however, Plaintiff's
litigation counsel may not prosecute any such re-examination and may not
reveal the contents of Prosecution Bar Materials that are protected under this
Order to re-examination patent counsel or agents.

19.    This Order shall apply to the parties and any non-party from whom discovery may
be sought and who desires the protection of this Order.  Thus, any non-party requested or
required to produce or disclose information in this proceeding, through subpoena or otherwise,
may designate such information pursuant to the terms of this Order.

20.    The Court and parties acknowledge that the law recognizes a common interest
privilege and/or joint defense privilege under certain circumstances, and that such privileges may
be applicable between these Defendants under certain circumstances.  Nothing in this Protective
Order shall be construed as altering the scope of such privileges under the law.

21.    In the event a party wishes to use any "Confidential," "Attorneys' Eyes Only," or
"HIGHLY CONFIDENTIAL – SOURCE CODE" information in any affidavits, briefs,
memoranda of law, or other papers filed in Court in this litigation, such information used therein
shall be filed under seal with the Court.

22.    The Clerk of this Court is directed to maintain under seal all documents and
transcripts of deposition testimony and answers to interrogatories, admissions and other
pleadings filed under seal with the Court in this litigation that have been designated, in whole or

in part as "Confidential," "Attorneys' Eyes Only," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information by a party to this action.

23.     Nothing in this Order shall preclude any party to this litigation or their attorneys from showing a document prepared prior to the filing of this action and designated as "Confidential," "Attorneys' Eyes Only," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to a deponent who may be examined and may testify concerning Protected Matters of which such person has prior knowledge.  Without in any way limiting the generality of the foregoing:

A.     A present director, officer, and/or employee of a Producing Party may be examined and may testify concerning all Protected Matters that have been produced by that Party when: (1) the director, officer, and/or employee has had or is eligible to have access to the Protected Matters by virtue of their employment with the Producing Party; (2) the director, officer, and/or employee of the Producing Party designated has been designated as a witness under Fed. R. Civ. P. 30(b)(6) for topics relating to the Protected Matters; or (3) the director, officer, and/or employee is identified in the Protected Matters as an author, addressee, or recipient of such information; or (4) the director, officer, and/or employee, although not identified as an author, addressee, or recipient of such Protected Matters, has, in the ordinary course of business, seen such Protected Matters or has personal knowledge about such Protected Matters.

B.     A former director, officer, and/or employee of a Producing Party may be examined and may testify concerning all Protected Matters that have been produced by that Party when: (1) the former director, officer, and/or employee has had access to the Protected Matters by virtue of their employment with the Producing Party; (2) the former director, officer, and/or employee has been designated as a witness under Fed. R. Civ. P.

30(b)(6) for topics relating to the Protected Matters; (3) the former director, officer, and/or employee is identified in the Protected Matters as an author, addressee, or recipient of such information; or (4) the former director, officer, and/or employee, although not identified as an author, addressee, or recipient of such Protected Matters, has, in the ordinary course of business, seen such Protected Matters or has personal knowledge about such Protected Matters.

24.     Non-parties may be examined or testify concerning any document containing Protected Matters that appears on its face or from other documents or testimony to have been received from, or communicated to, the non-party as a result of any contact or relationship with the Producing Party.  Any person other than the witness, his or her counsel, and any person qualified to receive Protected Matters under this Protective Order shall be excluded from the portion of the examination concerning such Material, absent the consent of the Producing Party. If the witness is represented by an attorney who is not qualified under this Protective Order to receive Protected Matters, then prior to the examination, the attorney shall provide a signed Confidentiality Agreement in the form attached hereto as Exhibit A, declaring that he or she will comply with the terms of this Protective Order and maintain the confidentiality of Protected Matters disclosed during the course of the examination.  If such attorney declines to sign such a Confidentiality Agreement before the examination, the Parties, by their counsel, shall jointly seek a protective order from the Court prohibiting such attorney from disclosing such Protected Matters. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this litigation and, in the course thereof, referring to or relying upon his examination of Protected Matters produced by another party or a third-party; provided,

however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not make specific disclosure of any item of the Protected Matters.

25. If a Producing Party inadvertently produces a document, tangible item, or electronically stored information that it later discovers or in good faith asserts to be privileged, protected by the work product doctrine, or subject to some other immunity from disclosure ("Privileged Material") the production of that Privileged Material shall not be deemed to constitute a waiver of any applicable privileges, work product protection, or immunity from disclosure.  In such circumstances, upon discovery of the inadvertent disclosure, the Producing Party shall promptly notify the Receiving Party of the inadvertent production, and request either the return or confirmation of destruction of the Privileged Materials.  Within five (5) business days of receiving such notification, the Receiving Party shall return or confirm destruction of all such materials, provided, however that the Receiving Party need not purge such materials from its disaster recovery systems (*e.g.*, backup tapes).  Such return or confirmation of destruction shall not preclude the Receiving Party from seeking to compel production of the materials and shall not constitute an admission by the Receiving Party that the materials were, in fact, privileged or otherwise protected in any way.  The Producing Party shall retain the Privileged Material for submission to the Court in the event the Receiving Party moves to compel.  Summaries of inadvertently produced documents shall be destroyed by the Receiving Party within ten (10) business days if a motion to compel is not brought or is denied; however, the Receiving Party is not required to purge its disaster recovery systems of the inadvertently produced documents or summaries of such documents.

26.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Matters to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Matters, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A. Unauthorized or inadvertent disclosure does not change the status of Protected Matters or waive the right to hold the disclosed document or information as Protected Matters.

27.     If any party or person that has obtained any Protected Matters under the terms of this Order receives a subpoena, order, or other legal process commanding the production of such Protected Matters (a "Third Party Request"), such person shall not produce any Protected Matters in response to the Third Party Request without the prior written consent of the Producing Party or an order of a court of competent jurisdiction, except as otherwise provided by this paragraph.  A party receiving a Third Party Request shall promptly notify the Producing Party of such Third Party Request, in writing (by e-mail or fax, if possible) within three (3) business days after receiving the Third Party Request.  Such notification must include a copy of the subpoena or court order.  The Receiving Party also must, within three (3) business days after receiving the Third Party Request, inform in writing the party who sent the Third Party Request that some or all the material covered by the Third Party Request is the subject of this Order and include a copy of this Order.  The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Producing Party in this action an opportunity to

protect its confidentiality interests in the court from which the Third Party Request issued. The Producing Party shall bear the burdens and the expenses of seeking protection of its confidential material in that court.   Nothing in these provisions should be construed as requiring a Receiving Party in this action to disobey a lawful directive from another court.

28.     No Contract.  This Order shall not be construed to create a contract between the Parties or between the Parties and their respective Counsel.

29.     Right to Further Relief.   Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

30.     Modification; Addition of Parties to This Protective Order.

1.   All Parties reserve the right to seek modification of this Protective Order at any time for good cause.   The Parties agree to meet and confer prior to seeking to modify this Protective Order for any reason.   The restrictions imposed by this Protective Order may only be modified or terminated by written stipulation of all Parties or by order of this Court.

2.   In the event that a new party is added, substituted, or brought in, this Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Order.

31.     Admissibility.    Unless all parties stipulate otherwise, evidence of the existence of a designation under this Order shall not be admissible for any purpose during any proceeding on the merits of this action.

February 13, 2012

OF COUNSEL:

Anthony G. Simon
Timothy E. Grochocinski
Michael P. Kella
THE SIMON LAW FIRM, P.C.
800 Market Street, Suite 1700
St. Louis, MO 63101
(314) 241-2929
asimon@simonlawpc.com
teg@simonlawpc.com
mkella@simonlawpc.com

BAYARD, P.A.

 /s/ Stephen B. Brauerman
Richard D. Kirk (No. 922)
Stephen B. Brauerman  (No. 4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

*Attorneys for Walker Digital LLC*

OF COUNSEL:

Eliza V. Bechtold
Salumeh R. Loesch
Jeffrey S. Love
Todd M. Siegel
Philip Warrick
Garth A. Winn
KLARQUIST SPARKMAN, LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, Oregon  97204
(503) 595-5300

POTTER ANDERSON & CORROON LLP

 /s/ Richard  L. Horwitz
Richard L. Horwitz (No. 2246)
David E. Moore (No. 3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware  19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants Amazon.com, Inc. and Zappos, Inc.*

FISH & RICHARDSON, P.C.

 /s/ Lauren Murphy Pringle
Lauren Murphy Pringle (No. 5375)
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE  19899
(302) 778-8474
pringle@fr.com

*Attorneys for Defendant Expedia, Inc.*

26

SHAW KELLER LLP

/s/ John W. Shaw
John W. Shaw (No. 3362)
300 Delaware Avenue, Suite 1200
Wilmington, DE 19801
(302) 559-9623
jshaw@shawkeller.com

*Attorneys for Defendant Fandango, Inc.*

IT IS SO ORDERED, this _____ day of _____, 2012.

_____
United States District Judge

27

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WALKER DIGITAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-cv-00313-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| FANDANGO, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____, do solemnly swear (or affirm) that I am fully familiar with the terms of the Protective Order ("Order") entered in the above captioned case, and hereby agree to comply with and be bound by the terms and conditions of the Order unless and until modified by further Order of this Court.  I acknowledge that I am about to receive Protected Documents in this litigation and certify my understanding that such Protected Documents are being provided to me pursuant to the terms and restrictions of the Order.  I understand that such information and any copies I make of any documentary material containing Protected Documents or any notes or other records that may be made regarding any such information shall not be disclosed to others, except other qualified persons as defined in that Order.  I agree to submit to the jurisdiction of this Court in connection with any proceeding or hearing relating to Protected Documents in this litigation, including any proceeding relating to enforcement of this Order.

Dated: _____     By: _____

PRIVILEGED & CONFIDENTIAL

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WALKER DIGITAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-cv-00313-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| FANDANGO, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

## <u>CERTIFICATION OF EXPERT/CONSULTANT</u>

I, the undersigned, hereby certify that I have read the Protective Order entered in the case of <u>Walker Digital v. Fandango, Inc., *et al.*</u>; United States District Court for the District of Delaware, Case No. 1:11-cv-00313-SLR and that I have executed a copy of Exhibit A - the Acknowledgement and Agreement to Be Bound.

I further certify that, to the best of my understanding, I am not employed nor currently engaged by a direct competitor of the Designating Party (as of the time of the execution of this Certification) to this action, nor do I have a current expectation of such engagement, and I will accept no such engagement nor discuss same during the pendency of this action.  If at any time after I execute this Consultant Certification and during the pendency of the action I become engaged in business as a competitor of any person or entity currently a Party to this action, then I will promptly inform the Counsel for the Party who retained me in the action, and I will not thereafter review any Protected Materials unless and until the Court in the action orders otherwise.

I further understand and agree that all Protected Material and work product generated therefrom must be stored and maintained at a location in a secure manner that ensures that access is limited to the persons authorized under this Order.

Finally, I understand and agree that upon the termination of my consultancy or the final termination of the this litigation, whichever occurs first, I will follow the instructions of Outside Counsel for the Party for which I have provided services, to return or destroy all Designated Material in my possession, custody, or control and provide a certificate of destruction pursuant to Paragraph 16 of the Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Name of Individual: _____

Company or Firm: _____

Address: _____

Telephone No.: _____

Expert/Consultant for:_____

_____

_____

Dated: _____ Signature: _____