IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WALKER DIGITAL, LLC, )
)
    Plaintiff, )
)
v. ) Civ. No. 11-313-SLR
)
FACEBOOK, INC., FANDANGO, INC., )
EXPEDIA, INC., FROM YOU )
FLOWERS, LLC, ELITE TOY STORE, )
INC., FAST FURNISHINGS, INC., )
AMAZON.COM, INC., EBAY, INC., )
AMERICAN AIRLINES, INC., and )
ZAPPOS.COM, INC., )
)
    Defendants. )
)
)
)

Richard D. Kirk, Esquire, and Stephen B. Brauerman, Esquire of Bayard, P.A., Wilmington, Delaware. Counsel for Plaintiff. Of Counsel: Anthony G. Simon, Esquire, and Timothy E. Grochocinski, Esquire of The Simon Law Firm, P.C.

Richard L. Horwitz, Esquire and David E. Moore, Esquire of Potter Anderson & Corroon LLP. Counsel for Defendants. Of Counsel: Salumeh R. Loesch, Esquire, Jeffrey S. Love, Esquire, Todd M. Siegel, Esquire, Philip Warrick, Esquire, and Garth A. Winn, Esquire of Klarquist Sparkman, LLP.

**MEMORANDUM OPINION**

Dated: April 4, 2012
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

On April 11, 2011, Walker Digital LLC ("plaintiff") filed the present patent infringement litigation against Fandango, Inc., Expedia, Inc., Amazon, Inc. ("Amazon"), eBay, Inc., American Airlines, Inc., and Zappos.com, Inc. ("Zappos") (collectively, the "defendants"). (D.I. 1) Plaintiff filed the first amended complaint on July 29, 2011, alleging the infringement of two patents: U.S. Patent Nos. 7,831,470 ("the '470 patent") and 7,827,056 ("the '056 patent") (collectively, the "patents-in-suit"). (D.I. 51) Defendants Amazon and Zappos (collectively, "moving defendants") moved to dismiss with prejudice the claims against them in plaintiff's first amended complaint under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. (D.I. 57) That motion is currently before the court. The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a). For the reasons that follow, moving defendants' motion to dismiss is denied.

## II. BACKGROUND

Plaintiff is a Delaware limited liability company with its principal place of business in Stamford, Connecticut. (D.I. 51 at ¶ 1) Amazon is a Delaware corporation with its principal place of business in Seattle, Washington. (*Id.* at ¶ 4) Zappos is a Delaware corporation with its principal place of business in Henderson, Nevada.[1] (*Id.* at ¶ 7)

Plaintiff is the owner of the patents-in-suit. (*Id.* at ¶¶ 12, 13) The '470 patent issued November 9, 2010 and is entitled "Method and Apparatus for Facilitating Electronic Commerce Through Providing Cross-Benefits During a Transaction." (*Id.* at

---

[1]Zappos is a wholly owned subsidiary of Amazon. (D.I. 61 at 16, fn.13)

ex. 1) The '056 patent issued November 2, 2010 and is also entitled "Method and Apparatus for Facilitating Electronic Commerce Though Providing Cross-Benefits During a Transaction."[2] (*Id.* at ex. 2)

Plaintiff claims Amazon "has and continues to directly infringe one or more claims of the '470 patent in this judicial district and/or elsewhere in the United States, including at least claims 16, 21 and 22, by, among other things, making, using, offering for sale, selling and/or importing apparatuses and/or practicing methods that provide cross-benefits during a transaction including, but not limited to, that provide Amazon's users/customers the ability to receive a benefit in connection with a purchase via a cross-promotion as seen in the screen shots included as Exhibit 3." (*Id.* at ¶ 33) Plaintiff asserts Amazon "has and continues to indirectly infringe one or more claims of the '470 patent" based on the above conduct, and "continues to willfully, wantonly and deliberately infringe the '470 patent." (*Id.* at ¶¶ 37, 51)

Plaintiff also claims Amazon has and continues to directly, indirectly and willfully infringe the '056 patent. (*Id.* at ¶¶ 69, 73, 87) Because plaintiff uses language that mirrors the claims against Amazon for infringement of the '470 patent, the court will discuss claims against Amazon for infringement of the '056 patent in the context of the '470 patent.

Plaintiff claims Zappos "has and continues to directly infringe one or more claims of the '056 patent in this judicial district and/or elsewhere in the United States, including at least claims 1, 47 and 48, by, among other things, making, using, offering for sale,

---

[2]The '056 patent issued as a child of the '470 patent. (D.I. 61 at 1) The '470 patent was filed over twelve years ago on December 23, 1998. (D.I. 51 at ex. 1)

2

selling and/or importing apparatuses and/or practicing methods that provide cross-benefits during a transaction including, but not limited to, that provide Zappos' users and/or customers with the ability to receive a benefit in connection with a purchase via a cross-promotion as seen in the screen shots included as Exhibit 4." (*Id.* at ¶ 112) Plaintiff asserts Zappos "has and continues to indirectly infringe one or more claims of the '056 patent" based on the above conduct, and "continues to willfully, wantonly and deliberately infringe the '056 patent." (*Id.* at ¶¶ 116, 130)

Moving defendants argue that plaintiff's amended complaint is ripe for dismissal for failure to state a claim because the "accused marketing promotions on their face show that they do not satisfy the 'unless and until' claim limitation" of the patents-in-suit. (D.I. 58 at 5) Moving defendants also argue that plaintiff's amended complaint lacks factual allegations sufficient to state a claim for indirect and willful infringement. (*Id.* at 3)

## III. STANDARD OF REVIEW

### A. Federal Rules of Civil Procedure 8 and 12(b)(6)

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the court must accept the factual allegations of the non-moving party as true and draw all reasonable inferences in its favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (interpreting Fed. R. Civ. P. 8) (internal quotations omitted). A complaint

3

does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009). Such a determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." (*Id.*)

At the pleading stage in a patent case, the information required by Form 18 has been deemed adequate notice to pass muster under Rule 8. *See McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1357 (Fed. Cir. 2007). In this regard, Form 18 requires that the following information be provided in a complaint for direct infringement: (1) an allegation of jurisdiction; (2) a statement that plaintiff owns each patent at issue and, for each such patent, its number, date of issuance, and the general invention described therein; (3) for each defendant accused of infringement, identification of the accused product, process or method[3] "that embod[ies] the patented invention;" and (4) a demand for relief, including injunctive relief and/or an accounting for damages.

## IV. DISCUSSION

### A. Direct Infringement

Moving defendants argue that the accused marketing promotions "plainly do not

---

[3]This court has previously held that a plaintiff must "specify, at a minimum, a general class of products or a general identification of the alleged infringing methods." *Eidos Communications, LLC v. Skype Technologies SA,* 686 F. Supp. 2d 465, 468 (D. Del. 2010).

4

infringe any of the asserted claims of the patents-in-suit." (D.I. 58 at 5) Moving defendants argue that the promotions conflict with the plain meaning of the "unless and until" limitation in all asserted claims, thereby precluding any possibility of infringement. (*Id.* at 5, 16) Plaintiff argues that moving defendants' noninfringement arguments are premature, and asserts that "claim construction is not properly decided on a motion to dismiss and is necessary to address [moving] defendants' noninfringement arguments." (D.I. 61 at 5)

Plaintiff has provided information required by Form 18 adequate to pass muster under Rule 8. *See McZeal*, 501 F.3d at 1357. Plaintiff has sufficiently pled facts necessary to place moving defendants on notice as to what they must defend, as the amended complaint includes: (1) an allegation of jurisdiction; (2) a statement that plaintiff owns the patents-in-suit with the corresponding number and date of issuance; (3) identification of the accused product; and (4) demand for relief. (D.I. 51 at ¶¶ 8, 9, 14, 33, 112)

The court concludes, therefore, that dismissing the amended complaint on the grounds that it fails to state a claim for direct infringement would be premature. The court is not prepared to engage in a claim construction exercise at this stage of the proceedings, with no context whatsoever provided by discovery or a motion practice. *See, e.g., Internet Media Corp. v. Hearst Newspapers, LLC*, Civ. No. 10-690-SLR, 2011 WL 2559556, at *3 (D. Del. June 28, 2011); *Deston Therapeutics LLC v. Trigen Labs. Inc.*, 723 F. Supp. 2d 665, 670 (D. Del. 2010); *Progressive Casualty Insurance Co. v. Safeco Insurance Co.*, Civ. No. 10-1370, 2010 WL 4698576, at *4 (N.D. Ohio Nov. 12,

5

2010). The court may address with the parties an early claim construction of dispositive limitations, once a full and fair exchange of fundamental documents has been accomplished. (*See,* the court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI")," ¶ 4).

## B. Indirect Infringement

### 1. Inducement standard

Under 35 U.S.C. § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." To demonstrate inducement of infringement, the patentee must establish, first, that there has been direct infringement and, second, that the alleged infringer had "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011) ("*Global-Tech*"). "Inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc in relevant part).

#### a. Amazon

With respect to whether Amazon had the requisite knowledge of the patents-in-suit, the amended complaint provides as follows:[4]

> Amazon had knowledge of the **'470 patent** and Walker Digital's infringement contentions **since at least April 11, 20[11]**[5] **or before**.

---

[4]Allegations of Amazon's knowledge of the '056 patent mirror the '470 patent. (D.I. 51 at ¶¶ 71, 72)

[5]Moving defendants note that plaintiff's amended complaint erroneously alleges knowledge since "April 11, 2001 or before." (D.I. 58 at 4, fn. 1) Moving defendants

6

(D.I. 51 at ¶ 35) (emphasis added) The amended complaint further reads:

> It is believed Amazon was on notice of the '470 patent and Walker Digital's claims prior to April 11, 2011 through Amazon's interactions with representatives of Walker Digital.

(*Id.* at ¶ 36)

Plaintiff asserts in this regard that representatives for Walker Digital met with the Chief IP Counsel of Amazon prior to this suit in March 2011, to discuss Amazon's infringement of the patented subject matter. (D.I. 61 at 16) In addition, the amended complaint includes several paragraphs alleging Amazon had the requisite intent to induce infringement of the '470 patent:[6]

> Since Amazon has been on notice of the '470 patent, Amazon has and continues to indirectly infringe one or more claims of the '470 patent in this judicial district and/or elsewhere in the United States, including at least claims 21 and 22, by inducing Amazon's users and/or customers (direct infringers) to use apparatuses that provide cross-benefits during a transaction including, but not limited to, that provide Amazon's users and/or customers the ability to receive a benefit in connection with a purchase via a cross-promotion as shown in the screen shots included as Exhibit 3.

(D.I. 51 at ¶ 37)

> Amazon instructs its users and/or customers on using the infringing apparatuses in a manner that is accused herein to infringe.

---

note that the amended complaint otherwise refers to this date as April 11, 2011. (*Id.*) The court will refer to April 11, 2011 throughout this opinion.

[6]Allegations in connection with the '056 patent mirror those relating to the '470 patent. (D.I. 51 at ¶ 73)

7

(*Id.* at ¶ 43)

> To date, Amazon has not produced or relied upon an opinion of counsel related to the '470 patent.

(*Id.* at ¶ 44)

> To date Amazon has not made any changes to the relevant operation of the infringing apparatuses and has not provided Amazon's users and/or customers instruction on how to avoid infringement since Amazon had notice of the patent.

(*Id.* at ¶ 46)

> To date, Amazon has produced no evidence as to any investigation, design around or remedial actions with respect to the '470 patent.

(*Id.* at ¶ 47)

### b. Zappos

With respect to whether Zappos had the requisite knowledge of the '056 patent, the amended complaint provides as follows:

> Zappos had knowledge of the '**056 patent** and Walker Digital's infringement contentions since at least **April 11, 2011 or before**.

(D.I. 51 at ¶ 114) (emphasis added)

> It is believed that Zappos was on notice of the '056 patent and Walker Digital's claims prior to April 11, 2011 through Zappos' interactions with representatives of Walker Digital.

(*Id.* at ¶ 115)

Plaintiff asserts that Zappos had the requisite intent to induce infringement of the '056 patent:

> Since Zappos has been on notice of the '056 patent, Zappos has and continues to indirectly infringe one or more claims of the '056 patent in this judicial district and/or elsewhere in the United States, including at least claims 47 and 48, by inducing Zappos' users and/or customers (direct infringers) to use apparatuses that provide cross-benefits during a transaction including, but not limited to, that

8

> provide Zappos' users and/or customers the ability to receive a benefit in
> connection with a purchase via a cross-promotion as shown in screen shots
> included as Exhibit 4.

(*Id.* at ¶ 116)

> Since Zappos was on notice of the '056 patent, Zappos knowingly induced
> infringement of one or more claims of the '056 patent, including at least claims
> 47 and 48, and possessed specific intent to encourage others' infringement as
> alleged herein.

(*Id.* at ¶ 117)

> Zappos instructs its customers on using the infringing apparatuses in a manner
> that is accused herein to infringe.

(*Id.* at ¶ 122)

> To date, Zappos has not produced or relied upon an opinion of counsel related
> to the '056 patent.

(*Id.* at ¶ 123)

> To date, Zappos has produced no evidence as to any investigation, design
> around or remedial actions with respect to the '056 patent.

(*Id.* at ¶ 126)

### c. Analysis

In order to appropriately plead indirect infringement, Walker Digital must allege that Amazon and Zappos had knowledge not only of the patent, but of the allegedly infringing nature of the asserted conduct under § 271(b). *Global-Tech*, 131 S. Ct. at 2068. In the case at bar, Walker Digital has asserted that both Amazon and Zappos knew of the patents-in-suit at least as early as the filing of the initial complaint (April 11, 2011) and, armed with this knowledge, have continued their allegedly infringing conduct.

The court concludes that Walker Digital's allegations pass muster under Rule 8 and, therefore, satisfy the requirements of *Global-Tech*. In this regard, it is important to keep in mind that the Supreme Court was reviewing *Global-Tech* post-trial and did not speak to the pleading requirements for indirect infringement under Rule 8. Moreover, there is no legal impediment to having an indirect infringement cause of action limited to post-litigation conduct.[7] Indeed, it is instructive to bear in mind the fundamental purpose of asserting indirect infringement, that is, to ensure that the patentee can recover full compensation[8] for any damages suffered as a result of infringement. The fact that Walker Digital would be prohibited from collecting damages related to indirect infringement for any pre-knowledge (e.g., pre-filing) conduct[9] is the only substantive consequence of allowing allegations such as those at bar to go forward.

In sum, if a complaint sufficiently identifies, for purposes of Rule 8, the patent at issue and the allegedly infringing conduct, a defendant's receipt of the complaint and decision to continue its conduct despite the knowledge gleaned from the complaint

---

[7]As there arguably is for allegations of willful infringement. *See In re Seagate Technology, LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (hereinafter, "*Seagate*").

[8]Of course, entitlement to full compensation prohibits multiple recoveries, that is, "after a patentee has collected from . . . a direct infringer damages sufficient to put him in the position he would have occupied had there been no infringement, he cannot thereafter collect actual damages from a person liable only for contributing to the same infringement. *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 512 (1964) ("*Aro*").

[9]In *Aro*, the Supreme Court held that the knowledge requirement of § 271(c) limited an alleged contributory infringer's liability to sales made after it received notice of the existence of the patent. *See also Trell v. Marlee Electronics Corp.*, 912 F.2d 1443, 1447 (Fed. Cir. 1990).

10

satisfies the requirements of *Global-Tech*.[10] Amazon and Zappos' motions to dismiss, therefore, are denied as they relate to allegations of indirect infringement.[11]

### 2. Contributory standard

Under 35 U.S.C. § 271(c), a patentee must demonstrate that an alleged contributory infringer has sold, offered to sell or imported into the United States a component of an infringing product "knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." Therefore, § 271(c) "require[s] a showing that the alleged contributory infringer knew that the combination for which [its] component was especially designed was both patented and infringing." *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964) ("*Aro*").

#### a. Amazon

Moving defendants argue that plaintiff's amended complaint fails to state a plausible claim for contributory infringement because plaintiff fails to adequately plead the requisite knowledge and intent to infringe. (D.I. 58 at 18-19) The amended

---

[10] The court notes that, although both induced and willful infringement require subjective intent, the remedies are substantially different (actual damages versus enhanced damages), thereby justifying a different take of when the intent must be formed.

[11] The court acknowledges that this result is inconsistent with its prior decisions in *Xpoint Techs. v. Microsoft Corp.*, 730 F. Supp. 2d 349 (D. Del. 2010), and *Eon Corp. IP Holdings LLC v. FLO TV Inc.*, 802 F. Supp. 2d 527 (D. Del. 2011). Given the ease of amendment, the limitation of damages to post-knowledge conduct, and in the interests of judicial economy, the court finds that the better reasoning is to allow a complaint that satisfies Rule 8 to proceed to discovery rather than dismissing it for lack of pre-filing knowledge when, by the time the motion to dismiss has been filed, defendant in fact has the requisite knowledge as pled by plaintiff.

11

complaint reads that Amazon:[12]

> Has and continues to indirectly infringe at least claims 21 and 22 of the '470 patent by contributing to the indirect infringement of others, including Amazon's users and/or customers in violation of 35 U.S.C. § 271(c).

(D.I. 51 at ¶ 48)

> The infringing apparatuses comprise software or hardware and software that provide cross-benefits during a transaction including, but not limited to, that provide Amazon's users and/or customers the ability to receive a benefit in connection with a purchase via a cross-promotion as shown in the screen shots included as Exhibit 3. Amazon has been aware, since at least April 11, 2011 or before, that its products accused of infringement including, but not limited to, the infringing apparatuses, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the '470 patent.

(*Id.* at ¶ 49)

Plaintiff's amended complaint satisfies the elements of contributory infringement by alleging that Amazon: (1) had knowledge of the patent; (2) sold products especially made for infringing use; (3) had knowledge of the infringing use; (4) sold products with no substantial noninfringing use; and (5) directly infringed. Plaintiff's claims are facially plausible and provide Amazon with adequate notice of its indirect infringement claims.

### b. Zappos

The amended complaint asserts that Zappos:

> Has and continues to indirectly infringe at least claims 47 and 48 of the '056 patent by contributing to the indirect infringement of others, including Zappos' users and/or customers in violation of 35 U.S.C. § 271(c).

(D.I. 51 at ¶ 127)

---

[12]Claims to the '056 patent mirror those of the '470 patent. (D.I. 51 at ¶¶ 84, 85)

12

> The infringing apparatuses comprise software or hardware and software that provide cross-benefits during a transaction including, but not limited to, that provide Zappos' users and/or customers the ability to receive a benefit in connection with a purchase via a cross-promotion as shown in the screen shots included as Exhibit 4. Zappos has been aware, since at least April 11, 2011 or before, that its products accused of infringement including, but not limited to, the infringing apparatuses, are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made and/or adapted for use in infringing the '056 patent.

(*Id.* at ¶ 128)

As stated supra, plaintiff's amended complaint satisfies the elements of contributory infringement by alleging that Zappos: (1) had knowledge of the patent; (2) sold products especially made for infringing use; (3) had knowledge of the infringing use; (4) sold products with no substantial noninfringing use; and (5) directly infringed. The court agrees that plaintiff's claims are facially plausible and provide Zappos with adequate notice of its indirect infringement claims.

### C. Willful Infringement

#### 1. Standard

The Federal Circuit set forth a two-pronged standard for establishing willfulness in *Seagate*, the first prong of which states:

> [To] establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. The state of mind of the accused infringer is not relevant to this objective inquiry.

497 F.3d at 1371 (internal citations omitted). The existence of this objective risk is "determined by the record developed in the infringement proceeding." *Id.* The objective prong is generally not met when the accused infringer maintains a reasonable defense to infringement, even if the jury ultimately reaches a verdict of infringement.

13

*See Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1319 (Fed. Cir. 2010) (holding that objective prong is generally not met "where an accused infringer relies on a reasonable defense to a charge of infringement"); *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1336 (Fed. Cir. 2009) (concluding that accused infringer presented a substantial question of noninfringement which precluded a finding of objective recklessness despite the jury's ultimate finding of infringement).

If the objective prong is satisfied, the patentee must next establish that "this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Seagate*, 497 F.3d at 1371. This subjective prong hinges on the fact finder's assessments of the credibility of witnesses. *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 798 F. Supp. 2d 541, 557 (D. Del. 2011). "The drawing of inferences, particularly in respect of an intent-implicating question such as willfulness, is peculiarly within the province of the fact finder that observed the witnesses." *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1225 (Fed. Cir. 2006).

### 2. Discussion

#### a. Amazon

Moving defendants argue that plaintiff's amended complaint lacks factual allegations sufficient to state a claim for willful infringement. (D.I. 58 at 3) The court does not agree. The amended complaint provides evidence that Amazon had pre-suit knowledge of the patents-in-suit due to Amazon's interactions with Walker Digital's

14

representatives, which occurred before the original complaint was filed. (D.I. 51) This is especially telling in that Amazon's discussions with Walker Digital's representatives on March 11, 2011, focused on "Amazon's infringement of the patented subject matter." (D.I. 61 at 16) The court can infer from Amazon's conduct after plaintiff filed its original complaint that Amazon knew or should have known the objectively high likelihood that its continuous and deliberate actions would constitute infringement of the patents-in-suit. *Seagate*, 497 F.3d at 1371.

### b. Zappos

The amended complaint provides evidence that Zappos had pre-suit knowledge of the patents-in-suit due to Zappos interactions with Walker Digital's representatives, which occurred before the original complaint was filed. (D.I. 51) Plaintiff asserts in its briefs that Walker Digital's representatives met with the Chief IP Counsel of Amazon. (D.I. 61 at 16) Because Zappos is a wholly owned subsidiary of Amazon, the court can infer that Zappos also had pre-suit knowledge of the '056 patent. It is clear that Zappos, with such knowledge, acted despite an "objectively high likelihood that its actions constituted infringement of a valid patent." *Seagate,* 497 F.3d at 1371.

## V. CONCLUSION

For the aforementioned reasons, moving defendants' motion to dismiss the amended complaint for failure to state a claim is denied. An appropriate order shall issue.

15