IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **WALKER DIGITAL, LLC,** <br><br> Plaintiff, <br> v. <br><br> **FANDANGO, INC., et al.,** <br><br> Defendants. | C.A. No. 11-313-SLR |

**WALKER DIGITAL, LLC'S MOTION TO STRIKE AND, IN THE ALTERNATIVE, TO COMPEL**

Plaintiff Walker Digital, LLC files this Motion to Strike and/or Compel Defendants to comply with the Court's Order regarding invalidity contentions and states as follows:

1. On April 16, 2012, this Court entered a Stipulated Revised Scheduling Order [Doc. 101] pursuant to Rule 26(f) stating that Defendants are required to disclose invalidity contentions on May 1, 2012. Invalidity contentions require the Defendant identify not only the prior art on which they rely, but also Defendants' contentions as to why the prior art renders each claim invalid.

2. In addition to the Stipulated Revised Scheduling Order, Plaintiff served Interrogatories on Defendants requesting that each Defendant identify each item of prior art, including patents, printed publications, prior public use, and prior on sale activity and the date on which each was first published, publically used, or sold, that allegedly anticipate(s) each Asserted Claim for the Patent(s)-in-Suit or render(s) it obvious, and state on a claim-by-claim basis whether each item of prior art anticipates each Asserted Claim, renders it obvious, or a combination of both, and the basis for such allegations, and if combination of items of prior art is

1

alleged to make a claim obvious, please identify such combination and the basis for such allegation.  (Plaintiff's First Common Rog No. 9.)

3. Per the Joint Scheduling Order (D.I. 67) entered by this Court on November 1, 2011, paragraph 2(c)(2) states the following in regard to contentions interrogatories, "The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party receives."

4. To date, Defendants have not sufficiently responded to Plaintiff's interrogatories, and Defendants have not identified any deficiency with Plaintiff's infringement contentions.

5. On May 1, 2012, Defendants served what is purported to be invalidity contentions.  However, these "contentions" are inadequate with regard to indefiniteness.  (*See* Exhibit A.)  Defendants fail to assert any legal reasoning on why the claims are indefinite regarding 35 U.S.C. §112.  Rather than Defendants supporting their contention due to the claim terms being vague, inherently subjective, ambiguous, or imprecise, Defendants state a legal conclusion inhibiting Plaintiff to respond adequately to their contention.

6. Thereafter, Defendants have served six discrete "Joint Initial Productions," resulting in 1,469 additional purported "prior art" references.  None of these additional references are found in Defendants' invalidity contentions, and Defendants have refused to update their invalidity contentions relating to these references.  (*See* Exhibit B.)

7. Plaintiff has repeatedly requested that Defendants supplement the invalidity contentions but Defendants have refused.  (*See* Exhibit C.)

8. Recently, Defendant Fandango, LLC ( "Fandango") identified twelve books comprising of over two thousand pages which allegedly also contain "prior art."  Plaintiff has

requested that Fandango identify the pages that constitute prior art on which Defendants will rely. (*See* Exhibit D.)

9. On September 5, 2012, counsel for Fandango stated that they intend to rely on every single page of the twelve books that they content are prior art in support of their invalidity defense. (*See* Exhibit E.)

10. On October 3, 2012, Defendant Amazon.com, Inc. ("Amazon") identified five additional books which allegedly also contain "prior art." Plaintiff has requested that Amazon supplement their invalidity contentions to incorporate this untimely disclosed "prior art."

11. Because Defendants have not complied with the Court's Scheduling Order with this additional "prior art," Plaintiff is prejudiced.

12. The parties are in the process of scheduling depositions and finalizing fact discovery and this information is necessary in order to take appropriate discovery and begin expert discovery related to invalidity issues. It would be unfair to allow the Defendants to identify such voluminous "prior art" without supplementing their invalidity contentions.

13. Under Rule 37(a)(4), an "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Further, due to Defendant's failure to comply with the Court's Rule 26(f) Scheduling Order, appropriate sanctions under Rule 37(b)(2)(A)(ii) include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."

14. The undersigned counsel hereby certifies that pursuant to Delaware Local Rule 7.1.1, that counsel for Plaintiff Walker Digital, LLC have made a reasonable effort to reach agreement with counsel for Defendants on the matters set forth in the foregoing motion and that counsel for the parties have not been able to resolve their disagreement on these issues.

WHEREFORE, Plaintiff Walker Digital, LLC respectfully requests the Court to strike the additional prior art and not allow the Defendants to rely on it at trial, or in the alternative order Defendants to supplement their invalidity contentions immediately.

Dated: October 5, 2012

| | |
|---|---|
| OF COUNSEL: | BAYARD, P.A. |
| | /s/ Stephen B. Brauerman |
| Anthony G. Simon | Richard D. Kirk (rk0922) |
| Benjamin R. Askew | Stephen B. Brauerman (sb4952) |
| Michael P. Kella | Vanessa R. Tiradentes (vt5398) |
| THE SIMON LAW FIRM, P.C. | 222 Delaware Avenue, Suite 900 |
| 800 Market Street, Suite 1700 | Wilmington, DE 19899 |
| St. Louis, MO 63101 | (302) 655-5000 |
| (314) 241-2929 | rkirk@bayardlaw.com |
| asimon@simonlawpc.com | sbrauerman@bayardlaw.com |
| baskew@simonlawpc.com | vtiradentes@bayardlaw.com |
| mkella@simonlawpc.com | |
| | *Attorneys for Plaintiff Walker Digital, LLC* |
| Timothy E. Grochocinski | |
| INNOVALAW, LLC | |
| 1900 Ravinia Place | |
| Orland Park, IL 60462 | |
| (314) 853-8146 | |
| teg@innovalaw.com | |