IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WALKER DIGITAL, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. No. 11-313-SLR |
| EXPEDIA, INC., AMAZON.COM, INC., AMERICAN AIRLINES, INC., and ZAPPOS.COM, INC., | ) | |
| Defendants. | ) | |
| WALKER DIGITAL, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. No. 12-140-SLR |
| AMAZON.COM, INC., | ) | |
| Defendant. | ) | |
| WALKER DIGITAL, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. No. 12-141-SLR |
| BARNES & NOBLE, INC., | ) | |
| Defendant. | ) | |

| | |
|---|---|
| WALKER DIGITAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 12-142-SLR |
| | ) |
| EXPEDIA, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this \6th day of October, 2013, having reviewed the motions for attorney fees and dismissal with prejudice filed by defendants Amazon.com Inc., Barnes & Noble Inc., Zappos.com Inc., and Expedia, Inc., and the papers filed in connection therewith;

IT IS ORDERED that said motions (Civ. No. 11-313, D.I. 318; Civ. No. 12-140, D.I. 110; Civ. No. 12-141, D.I. 86; and Civ. No. 12-142, D.I. 78) are denied without prejudice, as follows:

1. **Background.** On April 11, 2011, plaintiff Walker Digital, LLC ("plaintiff") filed Civ. No. 11-313 against ten defendants, including Amazon.com Inc. ("Amazon"), Barnes & Noble Inc. ("Barnes & Noble"), Zappos.com Inc. ("Zappos"), and Expedia, Inc. ("Expedia") (collectively "defendants") and eBay, Inc. ("eBay"), for allegedly infringing U.S. Patent Nos. 7,831,470 and 7,827,056. (Civ. No. 11-313, D.I. 1) On February 7, 2012, plaintiff filed separate actions against defendants Amazon, Barnes & Noble, and Expedia, alleging infringement of U.S. Patent No. 8,112,359 (collectively with U.S. Patent Nos. 7,831,470 and 7,827,056, "the patents-in-suit"). (Civ. No. 12-140, D.I. 1; Civ. No. 12-141, D.I. 1; Civ. No. 12-142, D.I. 1)

2. On April 11, 2011, plaintiff also filed Civ. No. 11-315 against defendants

Amazon, Barnes & Noble, and Expedia, as well as eBay and others, alleging infringement of U.S. Patent No. 7,236,942 ("the '942 patent"). (Civ. No. 11-315, D.I. 1) In order to settle Civ. Nos. 11-315 and 11-313, plaintiff and eBay, Inc. ("eBay") entered into a Confidential Settlement and License Agreement ("Settlement Agreement") which transferred certain "patent rights" to eBay. Defendants then moved to dismiss each of the above captioned cases under Rule 12(b)(1) for lack of standing, alleging that the Settlement Agreement transferred all rights to the three patents-in-suit and the '942 patent to eBay on December 9, 2011, thus terminating plaintiff's constitutional standing. (Civ. No. 11-315, D.I. 320; Civ. No. 11-313, D.I. 242; Civ. No. 12-140, D.I. 75; Civ. No. 12-141, D.I. 52; and Civ. No. 12-142, D.I. 44)

3. Plaintiff dismissed Civ. No. 315 against defendants, by joint stipulation, in March 2013.[1] (Civ. No. 11-315, D.I. 337, 338, 339) On June 19, 2013, the court issued a memorandum opinion and order granting defendants' motions to dismiss under Rule 12(b)(1). (Civ. No. 11-313, D.I. 314, 315; Civ. No. 12-140, D.I. 106, 107; Civ. No. 12-141, D.I. 82, 83; and Civ. No. 12-142, D.I. 74, 75) Subsequently, Walker Digital appealed to the Federal Circuit. (Civ. No. 11-313, D.I. 322; Civ. No. 12-140, D.I. 114; Civ. No. 12-141, D.I. 90; and Civ. No. 12-142, D.I. 82) Defendants filed the pending motions for attorney fees on July 12, 2013.

4. **Standard**. Pursuant to 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." In order to determine whether a case is exceptional and, therefore, eligible for an award of attorney fees, the court

---

[1] But denies that it did so for reasons involving standing. (Civ. No. 11-313, D.I. 328 at 4 & n.2)

undergoes a two-step process. See *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1323-24 (Fed. Cir. 2011). The district court must first "determine whether the prevailing party has proved by clear and convincing evidence that the case is exceptional." *Id.* (citing *Forest Labs., Inc. v. Abbott Labs.*, 339 F.3d 1324, 1327 (Fed. Cir. 2003)). "Second, if the district court finds the case to be exceptional, the court must then determine whether an award of attorney fees is appropriate and, if fees are appropriate, the amount of the award." *Id.* (citing *CyborCorp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1460 (Fed. Cir. 1998)).

5. Under Federal Rule of Civil Procedure 54(d)(2)(8),[2] if an appeal on the merits of a case is pending, a court "may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(8) a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54, Advisory Committee Note, 1993 Amendment, Paragraph (2), Subparagraph (B).

6. **Discussion.** Defendants assert that they are prevailing parties, as the court resolved the disputed ownership issue in their favor, finding that plaintiff did not own the patents-in-suit. (Civ. No. 313, D.I. 319 at 14) Defendants attempt to establish that this case is exceptional by arguing that plaintiff: (1) litigated the asserted patents after transferring them to eBay on December 9, 2011; (2) unilaterally altered the language in the Short Form Patent Assignments publicly filed with the PTO to "bury [the] transfer [of patents] to eBay;" (3) continued to litigate the asserted patents after defendants brought the lack of standing issue to plaintiff's attention in November 2012; and (4) brought

---

[2] "A claim for attorney's fees ... must be made by a motion." Fed. R. Civ. P. 54(d)(2)(A).

3

motions to voluntarily dismiss the cases without prejudice because of the issues surrounding ownership of the asserted patents in June 2013. Alternatively, defendants argue that attorney fees should be awarded as a sanction for plaintiff's bad faith conduct for the same reasons. Defendants also request dismissal of the above captioned cases with prejudice. (Civ. No. 313, D.I. 319) Plaintiff responds that the lack of standing is not relief on the merits, therefore, defendants are not prevailing parties. Plaintiff urges the court to deny the motions in their entirety or defer or deny the motions pending the present appeal to the Federal Circuit. (Civ. No. 313, D.I. 328 at 2)

7. As this case was resolved on a motion to dismiss, based on disputed ownership of the patents-in-suit, the court utilizes its discretion under Fed. R. Civ. P. 54(b) and denies defendants' motions pending appeal. If the Federal Circuit affirms, defendants may request a briefing schedule for their attorney fee motions.

8. **Conclusion.** For the reasons stated above, defendants' motions for attorney fees and dismissal (Civ. No. 11-313, D.I. 318; Civ. No. 12-140, D.I. 110; Civ. No. 12-141, D.I. 86; and Civ. No. 12-142, D.I. 78) are denied without prejudice to renew. Plaintiff's motions for leave to submit a sur-reply in opposition to defendants' motions are denied as moot. (Civ. No. 11-313, D.I. No. 340; Civ. No. 12-140, D.I. 132; Civ. No. 12-141, D.I. 108; Civ. No. 12-142, D.I. 98)

United States District Judge